KAM:JS
F.# 2004R01762

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

RONELL WILSON, also known as
    "Rated R,"
MICHAEL WHITTEN,
PARIS BULLOCK
ANGEL RODRIGUEZ, also known as
    "Ice," and
JAMAL BROWN, also known as
    "Mal,"

          Defendants.

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371,
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(i)(1),
1512(a)(1)(C), 1951(a),
1959(a)(1), 1962(c), 1962(d),
1963, 2119(3), 2
and 3551 et seq; T. 21,
U.S.C., §§ 841(a)(1),
841(b)(1)(A)(iii) and 846).

- - - - - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

### INTRODUCTION TO ALL COUNTS

    At all times relevant to this Indictment:

    1.    The defendants RONELL WILSON, also known as
"Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also
known as "Ice," and JAMAL BROWN, also known as "Mal," together
with others, known and unknown, were members and associates of a
criminal organization, hereafter referred to as the "Stapleton
Crew," whose members and associates engaged in various forms of
criminal activity, including murder, attempted murder,
carjacking, obstruction of justice, assault, robbery, narcotics
trafficking and firearms trafficking.

2.    The Stapleton Crew, including its members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for the common purpose of achieving the objectives of the enterprise.

3.    The members and associates of the Stapleton Crew sought, among other things, to:

a.    Enrich members and associates of the Stapleton Crew through the trafficking of retail quantities of cocaine base;

b.    Enrich members and associates of the Stapleton Crew through the commission of robberies;

c.    Enrich members and associates of the Stapleton Crew through the sale of unlicensed firearms;

d.    Preserve and protect the power, territory and profits of the Stapleton Crew through the use of intimidation, violence and threats of violence;

e.    Promote and enhance the criminal activities of the Stapleton Crew and its members and associates; and

f.   Keep victims in fear of the Stapleton Crew and its members and associates through violence, intimidation, and threats of violence.

4.   The defendants, members and associates of the enterprise, carried out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.   The defendants and other members and associates of the Stapleton Crew participated in the conduct of the affairs of the enterprise by the following means and methods, among others:

a.   Distributing retail quantities of narcotics, including cocaine base, at locations in and around Staten Island, New York;

b.   Committing, attempting to commit and conspiring to commit robberies in and around Staten Island, New York;

c.   Committing, attempting to commit and threatening to commit acts of violence, including murder, attempted murder and assault to protect and expand the Stapleton Crew's criminal operations; and

d.   Using and threatening to use physical violence against various individuals, including members of rival criminal organizations, law enforcement witnesses and law enforcement officers.

## COUNT ONE
### (Racketeering)

5.    The allegations contained in paragraphs 1 through
4 are realleged and incorporated as if fully set forth in this
paragraph.

6.    In or about and between October 1999 and March
2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS
BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN,
also known as "Mal," together with others, being persons
employed by and associated with the Stapleton Crew, an
enterprise engaged in, and the activities of which affected,
interstate and foreign commerce, knowingly and intentionally
conducted and participated, directly and indirectly, in the
conduct of the affairs of the enterprise through a pattern of
racketeering activity, as defined in Title 18, United States
Code, Sections 1961(1) and 1961(5), consisting of the
racketeering acts set forth below:

### RACKETEERING ACT ONE
### (Murder/Robbery of James Nemorin)

7.    The defendants named below committed the following
acts, any one of which alone constitutes the commission of
Racketeering Act One:

a.   Murder

8.   On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, with intent
to cause the death of James Nemorin, caused his death, in
violation of New York Penal Law Section 125.25(1).

b.   Felony Murder

9.   On or about March 10, 2003, within the Eastern
District of New York, the defendants RONELL WILSON, MICHAEL
WHITTEN and PARIS BULLOCK, together with others, did knowingly
and intentionally commit and attempt to commit a robbery and, in
the course of and in furtherance of such crime and of immediate
flight therefrom, caused the death of a person other than one of
the participants, to wit: James Nemorin, in violation of
Sections 125.25(3) and 20.00 of the New York Penal Law.

c.   Obstruction of Justice Murder

10.   On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON did knowingly
and intentionally kill another person, to wit: James Nemorin,
with intent to prevent the communication by such person to a law
enforcement officer of the United States of information relating
to the commission and possible commission of a federal offense,
in violation of Title 18, United States Code, Section
1512(a)(1)(C).

### d.   Robbery Conspiracy

11.   On or about March 10, 2003, within the Eastern District of New York, the defendants RONELL WILSON, MICHAEL WHITTEN and PARIS BULLOCK did knowingly and intentionally conspire to rob an individual they believed to be a gun trafficker, in violation of Sections 160.15 and 105.10 of the New York Penal Law.

### e.   Conspiracy to Commit Robbery Affecting Interstate Commerce

12.   On or about March 10, 2003, within the Eastern District of New York, the defendants RONELL WILSON, MICHAEL WHITTEN and PARIS BULLOCK, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery in Staten Island, New York of an individual they believed to be a gun trafficker, in violation of Title 18, United States Code, Section 1951(a).

### f.   Robbery

13.   On or about March 10, 2003, within the Eastern District of New York, the defendants RONELL WILSON, MICHAEL WHITTEN and PARIS BULLOCK, together with others, did knowingly and intentionally rob James Nemorin, in violation of Sections 160.15 and 20.00 of the New York Penal Law.

RACKETEERING ACT TWO
(Murder of Rodney J. Andrews)

14.  The defendants named below committed the
following acts, any one of which alone constitutes the
commission of Racketeering Act Two:

a.  Murder

15.  On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, with intent
to cause the death of Rodney J. Andrews, caused his death, in
violation of New York Penal Law Section 125.25(1).

b.  Felony Murder

16.  On or about March 10, 2003, within the Eastern
District of New York, the defendants RONELL WILSON, MICHAEL
WHITTEN and PARIS BULLOCK, together with others, did knowingly
and intentionally commit and attempt to commit a robbery and, in
the course of and in furtherance of such crime and of immediate
flight therefrom, caused the death of a person other than one of
the participants, to wit: Rodney J. Andrews, in violation of
Sections 125.25(3) and 20.00 of the New York Penal Law.

c.  Obstruction of Justice Murder

17.  On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON did knowingly
and intentionally kill another person, to wit: Rodney J.
Andrews, with intent to prevent the communication by such person
to a law enforcement officer of the United States of information

8

relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(a)(1)(C).

### RACKETEERING ACT THREE
(Narcotics Distribution)

18.    The defendants named below committed the following acts, either one of which alone constitutes the commission of Racketeering Act Three:

a.    Conspiracy to Distribute Cocaine Base

19.    In or about and between October 1999 and May 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ and JAMAL BROWN, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved fifty grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846.

b.    Distribution of Cocaine Base

20.    In or about and between October 1999 and May 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ and JAMAL BROWN, together with others, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance, which offense involved fifty grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### RACKETEERING ACT FOUR
(Murder Conspiracy)

21. In or about and between October 1999 and March 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ and JAMAL BROWN, together with others, did knowingly and intentionally conspire to cause the death of one or more persons, to wit: members and associates of a rival group known as the 456 Crew, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

### RACKETEERING ACT FIVE
(Murder Conspiracy)

22. In or about and between April 2002 and May 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, PARIS BULLOCK and ANGEL RODRIGUEZ, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe, an individual whose identity

10

is known to the Grand Jury, in violation of Sections 105.15 and
125.25(1) of the New York Penal Law.

### RACKETEERING ACT SIX
(Robbery Conspiracy)

23. On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce and the movement of articles and
commodities in commerce by the robbery of employees of Oz, a
clothing store located at 105 Water Street, Staten Island, New
York, in violation of Title 18, United States Code, Section
1951(a).

### RACKETEERING ACT SEVEN
(Robbery and Robbery Conspiracy)

24. The defendant named below committed the following
acts involving robbery, any one of which alone constitutes the
commission of Racketeering Act Seven:

    a. Conspiracy to Commit Robbery
       Affecting Interstate Commerce

25. On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce and the movement of articles and
commodities in commerce by the robbery of a drug trafficker in
Staten Island, New York, in violation of Title 18, United States
Code, Section 1951(a).

b.  Robbery Affecting Interstate Commerce

26.  On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, together with
others, did knowingly and intentionally obstruct, delay and
affect commerce and the movement of articles and commodities in
commerce by the robbery of a drug trafficker in Staten Island,
New York, in violation of Title 18, United States Code, Sections
1951(a) and 2.

c.  Robbery

27.  On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, together with
others, did knowingly and intentionally rob a drug trafficker in
Staten Island, New York, in violation of Sections 160.15 and
20.00 of the New York Penal Law.

RACKETEERING ACT EIGHT
(Robbery and Robbery Conspiracy)

28.  The defendants named below committed the
following acts, any one of which alone constitutes the
commission of Racketeering Act Eight:

a.  Conspiracy to Commit Robbery
Affecting Interstate Commerce

29. On or about March 30, 2001, within the Eastern
District of New York and elsewhere, the defendants MICHAEL
WHITTEN and JAMAL BROWN, together with others, did knowingly and
intentionally conspire to obstruct, delay and affect commerce

and the movement of articles and commodities in commerce by the robbery of a livery cab driver in Staten Island, New York, in violation of Title 18, United States Code, Section 1951(a).

                    b.     Robbery Affecting Interstate Commerce

          30.   On or about March 30, 2001, within the Eastern District of New York and elsewhere, the defendants MICHAEL WHITTEN and JAMAL BROWN, together with others, did knowingly and intentionally obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of a livery cab driver in Staten Island, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

                    c.     Robbery

          31.   On or about March 30, 2001, within the Eastern District of New York and elsewhere, the defendants MICHAEL WHITTEN and JAMAL BROWN did knowingly and intentionally rob a livery cab driver in Staten Island, in violation of Sections 160.15 and 20.00 of the New York Penal Law.

RACKETEERING ACT NINE
(Robbery and Robbery Conspiracy)

          32.   The defendant named below committed the following acts, any one of which alone constitutes the commission of Racketeering Act Nine:

### a.   Conspiracy to Commit Robbery
###      Affecting Interstate Commerce

33.   In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of a drug trafficker in Staten Island, New York, in violation of Title 18, United States Code, Section 1951(a).

### b.   Robbery Affecting Interstate Commerce

34.   In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, together with others, did knowingly and intentionally obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of a drug trafficker in Staten Island, New York, in violation of Title 18, United States Code, Sections 1951(a) and 2.

### c.   Robbery

35.   In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, together with others, did knowingly and intentionally rob a narcotics trafficker in Staten Island, in violation of Sections 160.15 and 20.00 of the New York Penal Law.

COUNT TWO
(Racketeering Conspiracy)

36.    The allegations contained in paragraphs 1
through 4 are realleged and incorporated as if fully set forth
in this paragraph.

37.    In or about and between October 1999 and March
2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants
RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS
BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN,
also known as "Mal," together with others, being persons
employed by and associated with the Stapleton Crew, an
enterprise engaged in, and the activities of which affected,
interstate and foreign commerce, did knowingly and intentionally
conspire to violate Title 18, United States Code, Section
1962(c), that is, to conduct and participate, directly and
indirectly, in the conduct of the affairs of the Stapleton Crew
through a pattern of racketeering activity, as that term is
defined in Title 18, United States Code, Sections 1961(1) and
(5).

38.    The pattern of racketeering activity through
which the defendants RONELL WILSON, MICHAEL WHITTEN, PARIS
BULLOCK, ANGEL RODRIGUEZ and JAMAL BROWN agreed to conduct the
affairs of the enterprise consisted of the racketeering acts set
forth in paragraphs 5 through 35 above, as Racketeering Acts

One through Nine of this Indictment, which are realleged and incorporated as if fully set forth in this paragraph.

39. It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Obstruction of Justice Murder)

40. On or about March 10, 2003, within the Eastern District of New York, the defendant RONELL WILSON, also known as "Rated R," did knowingly and intentionally kill another person, to wit: James Nemorin, with intent to prevent the communication by such person to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense, including, but not limited to, the crimes charged in Counts Eight and Thirty.

(Title 18, United States Code, Sections 1512(a)(1)(C) and 3551 et seq.)

## COUNT FOUR
(Obstruction of Justice Murder)

41. On or about March 10, 2003, within the Eastern District of New York, the defendant RONELL WILSON, also known as "Rated R," did knowingly and intentionally kill another person,

Case 1:04-cr-01016-NGG   Document 1   Filed 11/17/04   Page 16 of 34 PageID #: 16

16

to wit: Rodney J. Andrews, with intent to prevent the
communication by such person to a law enforcement officer of the
United States of information relating to the commission and
possible commission of a federal offense, including, but not
limited to, the crimes charged in Counts Eight and Thirty.

(Title 18, United States Code, Sections 1512(a)(1)(C)
and 3551 et seq.)

## COUNT FIVE
### (Murder in Aid of Racketeering)

42.    At all times relevant to this Indictment, the
Stapleton Crew, as more fully described in paragraphs 1 through
4 of this Indictment, which are realleged and incorporated by
reference as though set forth fully in this paragraph,
constituted an enterprise as defined in Title 18, United States
Code, Section 1959(b)(2), that is, a group of individuals
associated in fact which was engaged in, and the activities of
which affected, interstate and foreign commerce.    The enterprise
constituted an ongoing organization whose members functioned as
a continuing unit for a common purpose of achieving the
objectives of the enterprise.

43.    At all times relevant to this Indictment, the
above-described enterprise, through its members and associates,
engaged in racketeering activities, as defined in Title 18,
United States Code, Sections 1959(b)(1) and 1961(1), namely,
acts involving murder in violation of the laws of New York; acts

involving robbery in violation of the laws of New York;
narcotics trafficking in violation of Title 21, United States
Code, Sections 841 and 846; and acts indictable under Section
1512 (obstruction of justice) and 1951 (robbery) of Title 18,
United States Code.

44.   On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," for the purpose of maintaining and increasing his
position in the Stapleton Crew, did knowingly and intentionally
murder James Nemorin, in violation of New York Penal Law Section
125.25(1).

(Title 18, United States Code, Sections 1959(a)(1) and
3551 et seq.)

### COUNT SIX
(Murder in Aid of Racketeering)

45.   The allegations contained in paragraphs 1 through
4, 42 and 43 are realleged and incorporated as if fully set
forth in this paragraph.

46.   On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," for the purpose of maintaining and increasing his
position in the Stapleton Crew, did knowingly and intentionally

18

murder Rodney J. Andrews, in violation of New York Penal Law
Section 125.25(1).

(Title 18, United States Code, Sections 1959(a)(1) and
3551 et seq.)

## COUNT SEVEN
(Carjacking)

47.   On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," together with others, with the intent to cause death
and serious bodily harm, did knowingly and intentionally take a
motor vehicle that had been transported, shipped and received in
interstate commerce from the person and presence of another by
force and violence and by intimidation, and the deaths of James
Nemorin and Rodney J. Andrews did result.

(Title 18, United States Code, Sections 2119(3), 2 and
3551 et seq.)

## COUNT EIGHT
(Robbery Conspiracy)

48.   On or about March 10, 2003, within the Eastern
District of New York, the defendants RONELL WILSON, also known
as "Rated R," MICHAEL WHITTEN and PARIS BULLOCK, together with
others, did knowingly and intentionally conspire to obstruct,
delay and affect commerce and the movement of articles and

commodities in commerce by the robbery of a gun trafficker in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT NINE
(Use of a Firearm)

49. On or about March 10, 2003, within the Eastern District of New York, the defendants RONELL WILSON, also known as "Rated R," MICHAEL WHITEN and PARIS BULLOCK, together with others, did knowingly and intentionally possess a firearm in furtherance of one or more crimes of violence, to wit, the crimes charged in Counts Three, Four, Five, Six, Seven and Eight, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
(Causing Death Through the Use of a Firearm)

50. On or about March 10, 2003, within the Eastern District of New York, the defendant RONELL WILSON, also known as "Rated R," in the course of a violation of Title 18, United States Code, Section 924(c), to wit, the crime charged in Count Nine, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing is a first degree murder as defined in Title 18, United States Code,

Section 1111(a), in that the defendant RONELL WILSON, with
malice aforethought, did unlawfully kill James Nemorin.

(Title 18, United States Code, Sections 924(i)(1) and
3551 et seq.)

## COUNT ELEVEN
(Causing Death Through the Use of a Firearm)

51.  On or about March 10, 2003, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," in the course of a violation of Title 18, United
States Code, Section 924(c), to wit, the crime charged in Count
Nine, did knowingly and intentionally cause the death of a
person through the use of a firearm, which killing is a first
degree murder as defined in Title 18, United States Code,
Section 1111(a), in that the defendant RONELL WILSON, with
malice aforethought, did unlawfully kill Rodney J. Andrews.

(Title 18, United States Code, Sections 924(i)(1) and
3551 et seq.)

## COUNT TWELVE
(Robbery Conspiracy)

52.  On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," together with others, did knowingly and intentionally
conspire to obstruct, delay and affect commerce and the movement
of articles and commodities in commerce by the robbery of

employees of Oz, a clothing store located at 105 Water Street, Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT THIRTEEN
(Use of a Firearm)

53.   On or about May 2, 2002, within the Eastern District of New York, the defendant RONELL WILSON, also known as "Rated R," together with others, did knowingly and intentionally possess a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Twelve, and did knowingly and intentionally use and carry a firearm during and in relation to such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Robbery Conspiracy)

54.   On or about May 2, 2002, within the Eastern District of New York, the defendant RONELL WILSON, also known as "Rated R," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of a drug trafficker in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FIFTEEN
(Robbery)

55.  On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," together with others, did knowingly and intentionally
obstruct, delay and affect commerce and the movement of articles
and commodities in commerce by the robbery of a drug trafficker
in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

## COUNT SIXTEEN
(Use of a Firearm)

56.  On or about May 2, 2002, within the Eastern
District of New York, the defendant RONELL WILSON, also known as
"Rated R," together with others, did knowingly and intentionally
possess a firearm in furtherance of one or more crimes of
violence, to wit, the crimes charged in Counts Fourteen and
Fifteen, and did knowingly and intentionally use and carry a
firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections
924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Narcotics Conspiracy)

57.  In or about and between October 1999 and March
2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendants

RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN, also known as "Mal," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved fifty grams or more of a substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT EIGHTEEN
(Narcotics Distribution)

58.    In or about and between October 1999 and March 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN, also known as "Mal," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved fifty grams or more

of a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT NINETEEN
(Use of a Firearm)

59. In or about and between October 1999 and March 2003, both dates being approximate and inclusive, within the Eastern District of New York, the defendants RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN, also known as "Mal," did knowingly and intentionally possess a firearm in furtherance of one or more drug trafficking crimes, to wit, the crimes charged in Counts Seventeen and Eighteen, and did knowingly and intentionally use and carry a firearm during and in relation to such drug trafficking crimes.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 3551 et seq.)

## COUNT TWENTY
(Robbery Conspiracy)

60. In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, also known as "Ice," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement

of articles and commodities in commerce by the robbery of a drug trafficker in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWENTY-ONE
(Robbery)

61.   In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, also known as "Ice," together with others, did knowingly and intentionally obstruct, delay and affect commerce and the movement of articles and commodities in commerce by the robbery of a drug trafficker in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWENTY-TWO
(Use of a Firearm)

62.   In or about July 2002, within the Eastern District of New York, the defendant ANGEL RODRIGUEZ, also known as "Ice," together with others, did knowingly and intentionally possess a firearm in furtherance of one or more crimes of violence, to wit, the crimes charged in Counts Twenty and Twenty-One, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Robbery Conspiracy)

63.   On or about March 30, 2001, within the Eastern
District of New York and elsewhere, the defendant MICHAEL
WHITTEN, together with others, did knowingly and intentionally
conspire to obstruct, delay and affect commerce and the movement
of articles and commodities in commerce by the robbery of a
livery cab driver in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

## COUNT TWENTY-FOUR
(Robbery)

64.   On or about March 30, 2001, within the Eastern
District of New York and elsewhere, the defendant MICHAEL
WHITTEN, together with others, did knowingly and intentionally
obstruct, delay and affect commerce and the movement of articles
and commodities in commerce by the robbery of a livery cab
driver in Staten Island, New York.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

## COUNT TWENTY-FIVE
(Use of a Firearm)

65.   On or about March 30, 2001, within the Eastern
District of New York, the defendant MICHAEL WHITTEN, together
with others, did knowingly and intentionally possess a firearm
in furtherance of one or more crimes of violence, to wit, the

crimes charged in Counts Twenty-Three and Twenty-Four, and did knowingly and intentionally use and carry a firearm during and in relation to such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Conspiracy to Murder in Aid of Racketeering)

66.   The allegations contained in paragraphs 1 through 4, 42 and 43 are realleged and incorporated as if fully set forth in this paragraph.

67.   In or about and between October 1999 and March 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN, also known as "Mal," together with others, for the purpose of maintaining and increasing position in the Stapleton Crew, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to cause the death of other persons, to wit, members and associates of a rival group known as the 456 Crew, in Staten Island, New York, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Use of a Firearm)

68.   In or about and between October 1999 and March 2003, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, also known as "Rated R," MICHAEL WHITTEN, PARIS BULLOCK, ANGEL RODRIGUEZ, also known as "Ice," and JAMAL BROWN, also known as "Mal," together with others, did knowingly and intentionally possess a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Twenty-Six, and did knowingly and intentionally use and carry a firearm during and in relation to such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

### COUNT TWENTY-EIGHT
(Conspiracy to Murder in Aid of Racketeering)

69.   The allegations contained in paragraphs 1 through 4, 42 and 43 are realleged and incorporated as if fully set forth in this paragraph.

70.   In or about and between April 2002 and May 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, also known as "Rated R," PARIS BULLOCK and ANGEL RODRIGUEZ, also known as "Ice," together with others, for the purpose of maintaining and increasing position in the Stapleton

Crew, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to cause the death of another person, to wit: John Doe, a person whose identity is known to the grand jury, in violation of Sections 105.15 and 125.25(1) of the New York Penal Law.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT TWENTY-NINE
(Use of a Firearm)

71.    In or about and between April 2002 and May 2002, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RONELL WILSON, also known as "Rated R," PARIS BULLOCK and ANGEL RODRIGUEZ, also known as "Ice," did knowingly and intentionally possess a firearm in furtherance of a crime of violence, to wit, the crime charged in Count Twenty-Eight, and did knowingly and intentionally use and carry a firearm during and in relation to such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT THIRTY
(Firearms Trafficking Conspiracy)

72.    On or about March 3, 2003, within the Eastern District of New York, the defendant MICHAEL WHITTEN, together

with others, not being a licensed importer, licensed
manufacturer or licensed dealer of firearms, did knowingly and
intentionally conspire to engage in the business of dealing in
firearms, in violation of Title 18, United States Code, Section
922(a)(1)(A).

73.   In furtherance of this conspiracy, and to effect
its objects, within the Eastern District of New York and
elsewhere, the defendant MICHAEL WHITTEN, together with his co-
conspirators, committed and caused to be committed, among
others, the following:

### OVERT ACT

74.   On or about March 3, 2003, MICHAEL WHITTEN and a
co-conspirator sold an unlicensed firearm to an undercover
police officer.

(Title 18, United States Code, Sections 371 and 3551
et seq.)

## NOTICE OF SPECIAL FINDINGS

75.   The defendant RONELL WILSON, also known as "Rated R," was 18 years or older at the time he committed the offenses charged in Counts Three, Four, Five, Six, Seven, and Nine.

(Title 18, United States Code, Section 3591(a))

76.   As to Counts Three, Four, Five, Six, Seven, Ten and Eleven, the defendant RONELL WILSON, also known as "Rated R" Rated," intentionally killed the victims.

(Title 18, United States Code, Section 3591(a)(2))

77.   As to Counts Three, Four, Five, Six, Seven, Ten and Eleven, the defendant RONELL WILSON, also known as "Rated R" Rated," intentionally inflicted serious bodily injury that resulted in the deaths of the victims.

(Title 18, United States Code, Section 3591(a)(2)(B))

78.   As to Counts Three, Four, Five, Six, Seven, Ten and Eleven, the defendant RONELL WILSON, also known as "Rated R" Rated," intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(C))

79.   As to Counts Three, Four, Five, Six, Seven, Ten and Eleven, the defendant RONELL WILSON, also known as "Rated R,"

~~Rated~~," intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

(Title 18, United States Code, Section 3591(a)(2)(D))

80.   In the commission of the offenses charged in Counts Three, Four, Five, Six, Seven, Ten and Eleven, the defendant RONELL WILSON, also known as "Rated R," intentionally killed more than one person in a single criminal episode.

(Title 18, United States Code, Section 3592(c)(16))

81.   The defendant RONELL WILSON, also known as "Rated R," committed the offenses charged in Counts Three, Four, Five, Six, Seven, Ten and Eleven for pecuniary gain.

(Title 18, United States Code, Section 3592(c)(8))

82.   The defendant RONELL WILSON, also known as "Rated R," committed the offenses charged in Counts Three, Four, Five,

33

Six, Seven, Ten and Eleven after substantial planning and premeditation.

(Title 18, United States Code, Section 3592(c)(9).

A TRUE BILL

FOREPERSON

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:

ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136