UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA

                             **MEMORANDUM & ORDER**
    v.                                     04-CR-1016 (NGG)

RONELL WILSON,

            Defendant.
----------------------------------------------------X
GARAUFIS, District Judge.

       This court is currently conducting voir dire in a case in which the Government seeks the death penalty against Ronell Wilson ("Wilson"). Before the court are Wilson's motion to have Jurors 437 and 479 excluded for cause. The factual background and much of the legal background applicable to these motions were set forth in this court's Orders dated October 20 and 23 and November 5, 6, and 13, and 14, 2006. For the reasons set forth below, Wilson's motions are GRANTED. Jurors 437 and 479 are therefore excluded for cause.

**I.    Juror 437**

       Wilson moved to have Juror 437 excluded for cause on the ground that "she would automatically impose the death penalty upon a conviction of murder." (Def. Challenge Juror 437 at 2.) That motion is granted.

       At voir dire, I asked this juror if she was "open to the possibility of voting for life in prison without the possibility of release in this case where the jury will have already found that the defendant is guilty of intentional murder of two police officers." (Tr. at 3319.) She answered, "I would have to say no." (Id.) When I asked why, she answered, "I just feel if we found the person guilty for the murder, I'm with the death penalty." (Id. at 3319-20.)

This juror later made statements suggesting that she could meaningfully consider voting for a sentence of life imprisonment without possibility of release. (See id. at 3320.) I find that those statements – which were directly contrary to the answers just quoted – do not negate the effect of this juror's instinctive, unambiguous statements indicating that she would automatically vote to impose the death penalty on Wilson if he is convicted of a capital crime. She must therefore be disqualified under Morgan v. Illinois, 504 U.S. 719 (1992). Wilson's motion is granted.

**II.     Juror 479**

Wilson moved to have Juror 479 excluded for cause on the ground that, like Juror 437, he is not life qualified. (Tr. at 3585.) That motion is granted.

At voir dire, I asked this juror certain questions about the penalty phase of this case that I ask most jurors, including the following:

> Q:    Some people feel so strongly about the death penalty for whatever reason, moral, religious, political or sympathy as a matter of conscience that they would never consider voting for the death penalty. Other people feel anyone who commits intentional murder should receive the death penalty no matter what the background of the convicted murderer or the circumstances of the particular case. There is nothing wrong with having either one of these views. Could you tell your views about the death penalty.
>
> A:    I have the latter. I'm a firm believer in the death penalty.
>
> Q:    And why is that?
>
> A:    I just think people that have disregard for other human life and they take human life carelessly or whatever, I mean whatever the circumstances, people don't – if they don't have the moral conscience to feel there is

nothing that should stop them from taking a life, I'm a believer of an eye
for an eye.

(Tr. at 3576-77.) The juror's answers support a finding that he is not life qualified. When he stated that he holds "the latter" view, he was clearly expressing his belief that "anyone who commits intentional murder should receive the death penalty no matter what the background of the convicted murderer or the circumstances of the particular case."

In order to clarify whether this juror was in fact not life qualified, I then asked him, "Given your values and your beliefs, could you meaningfully consider life in prison without the possibility of release instead of the death penalty for a person found guilty of intentionally murdering two police officers?" (Id. at 3577.) He answered, "I would – I may consider it, but I do have strong values – I mean [a] strong opinion about the death penalty." (Id.) Because Morgan requires this court to qualify only those jurors who would meaningfully consider voting for a sentence of life, I cannot qualify a juror who states that he merely "may" consider voting for that sentence, particularly when he volunteers that his "strong opinion" about the death penalty may preclude him from meaningfully considering voting for that sentence. Wilson's motion is therefore granted.

## III.    Conclusion

For the reasons set forth above, Wilson's motions to have Jurors 437 and 479 excluded for cause are GRANTED.

SO ORDERED.

Dated: November 15, 2006                                         /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                                          NICHOLAS G. GARAUFIS
                                                                United States District Judge