UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                                        **MEMORANDUM & ORDER**
      v.                                       04-CR-1016 (NGG)

RONELL WILSON,

                 Defendant.
----------------------------------------------------X
GARAUFIS, District Judge.

       The Government alleges that Ronell Wilson ("Wilson" or "Defendant") murdered undercover New York Police Department ("NYPD") Detectives Rodney Andrews ("Detective Andrews") and James Nemorin ("Detective Nemorin") on March 10, 2003. Based on these and other allegations, Wilson is charged with two counts of murder in aid of racketeering, two counts of robbery conspiracy, one count of attempted robbery, one count of carjacking, two counts of use of a firearm, and two counts of causing death through use of a firearm. (See Second Superseding Indictment, Docket Entry No. 179.) The Government is seeking the death penalty against Wilson. Trial will begin on November 27, 2006.

       Before the court are the Government's motion for disclosure of evidence pursuant to Fed. R. Crim. P. 16 and Wilson's motion to preclude the Government from introducing evidence of certain rap lyrics and letters at trial. For the reasons set forth below, the Government's motion is GRANTED and Wilson's motion is DENIED.

**I.      The Government's Rule 16 Motion**

       The Government moved the court to order Wilson to provide the following categories of information:

1

1. Any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in Wilson's possession, custody, or control and which Wilson intends to introduce as evidence or otherwise rely on at trial;

2. Any results or reports of examinations and tests or experiments made in connection with this case, or copies thereof, which are in Wilson's possession, custody, or control and which Wilson intends to introduce as evidence or otherwise rely on at trial or that were prepared by a witness whom Wilson intends to call at trial; and

3. A written summary of testimony Wilson intends to use as evidence at trial under Fed. R. Ev. 702, 703, and 705 describing the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

(Govt. Ltr. to Judge Garaufis dated Nov. 20, 2006 at 3.) This motion is granted.[1]

The Government's requests track the language of Fed. R. Crim. P. 16(b), which provides that a defendant must provide such material upon request if the Government has provided reciprocal material upon the defendant's request. Fed. R. Crim. P. 16(b)(1)(A)-(C).[2] The

---

[1] The Government filed two other motions. The first asks the court to order Wilson to disclose immediately the mitigating factors he intends to introduce in the penalty phase of this case, if any. (Govt. Ltr. to Judge Garaufis dated Nov. 20, 2006 at 1-2.) The second, which was filed under seal, asks the court to preclude Wilson from asking certain categories of questions on cross-examination. (Sealed Govt. Ltr. to Judge Garaufis dated Nov. 20, 2006.) Wilson indicated at the November 21, 2006 status conference that he will respond in writing to the former motion by November 27, 2006 and the latter by November 24, 2006.

[2] A defendant who has not received reciprocal material from the Government must nevertheless provide material in the third category if he "has given notice under Rule 12.2(b) of an intent to present expert testimony on [his] mental condition." Fed. R. Crim. P. 16(b)(1)(C)(ii). The court has previously ordered that such material be provided to the Government pursuant to a

Government has represented – and Wilson does not dispute – that it has repeatedly requested such material and that Wilson has failed to provide it. (Govt. Ltr. to Judge Garaufis dated Nov. 20, 2006 at 3.) I therefore order Wilson to provide such material to the Government by November 24, 2006. Fed. R. Crim. P. 16(d)(1). Wilson will be prohibited from introducing at trial any material in the categories described above that is not provided by that date. Fed. R. Crim. P. 16(d)(2)(C).

## II.     Wilson's Motion to Preclude Evidence of Rap Lyrics and Letters

Wilson moved the court for an order precluding the Government from offering into evidence (1) handwritten rap lyrics found in Wilson's possession upon his arrest, (2) rap lyrics found on the computer of Omar Green, and (3) letters and rap lyrics seized from the home of Jamal Brown.[3,4] (Notice of Motion dated Nov. 20, 2006.) The motion is denied.

Wilson argues that the material in each category is irrelevant and unduly prejudicial and that material in the second and third categories is hearsay. (Mem. Law dated Nov. 20, 2006 at 3-8.) I will consider each category in turn. Because the material Wilson seeks to preclude was filed under seal, I will refer to its contents generically.

---

"firewall" created using a prosecutor not connected with the prosecution team trying the "guilt" phase of this case. (See Order dated June 8, 2006 at 2-3.)

[3]     Wilson also moved for an order precluding the Government from introducing autopsy, crime-scene, and "life portrait" photographs that are irrelevant, cumulative, otherwise unnecessary, or unnecessarily gruesome or inflammatory. (Notice of Motion, Docket Entry No. 255.) The Government indicated at the November 21, 2006 status conference that it will submit a written response to that motion on November 22, 2006.

[4]     Wilson, Green, and Brown are alleged members of the Stapleton Crew, a criminal organization.

### A. Rap Lyrics Found in Wilson's Possession

These lyrics are relevant under Fed. R. Ev. 401 because they describe activity that resembles aspects of the central crime alleged by the Government, the murder of Detectives Andrews and Nemorin, and appear to have been written after that crime was committed. These lyrics, which were written in the first person, also contain references to Wilson's physical appearance and to his street name, "Rated R."

They would nevertheless be inadmissible if, as Wilson argues, their "probative value is substantially outweighed by the danger of unfair prejudice." Fed. Ev. 403. That is not the case. To determine whether evidence is unduly prejudicial, this court must consider it in the context of the crime alleged. Evidence will not be excluded as unduly prejudicial when it is not "more inflammatory than the charged crime." United States v. Livoti, 196 F.3d 322, 326 (2d Cir. 1999) (citing United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990)). The central crime alleged in this case could not be more inflammatory, and the lyrics found in Wilson's possession do not describe action so violent or depraved that they would prejudice a defendant charged with that crime any more than would the indictment or eyewitness testimony of the crime.

### B. Lyrics Found on Omar Green's Computer

The lyrics found on Omar Green's computer do not describe the murder allegedly committed by Wilson. The Government argues that these lyrics are relevant, however, because they are evidence of the criminal enterprise known as the Stapleton Crew and the methods and means by which that enterprise operated. (Sealed Govt. Ltr. to Judge Garaufis dated Nov. 21, 2006 at 4.)

The Government alleges that Wilson committed two counts of Murder in Aid of Racketeering. That crime requires the Government to prove that the murder was committed "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity." 18 U.S.C. § 1959. Because the lyrics found on Green's computer appear to describe illegal activities of the Stapleton Crew – including activity defined in 18 U.S.C. § 1961(1) as "racketeering activity" – they are relevant to determining whether the Stapleton Crew exists and whether it is "an enterprise engaged in racketeering activity." Furthermore, for the same reason that the lyrics found in Wilson's possession are not unduly prejudicial, these lyrics are also not unduly prejudicial.

These lyrics are not hearsay because they are statements by a co-conspirator made during the course of and in furtherance of a conspiracy involving Wilson. Fed. R. Ev. 801(d)(2)(E). In so ruling, the court is relying on the Government's representation that these lyrics were found on Green's computer, a representation Wilson does not dispute.

### C. Lyrics and Letters Seized from Jamal Brown's Home

Like the lyrics found on Omar Green's computer, the lyrics and letters seized from Jamal Brown's home that the Government intends to introduce at trial are relevant to determining whether the Stapleton Crew exists and whether it is "an enterprise engaged in racketeering activity." This material seems particularly useful in determining whether Wilson and others were members or associates of the Stapleton Crew. It is therefore relevant under Fed. R. Ev. 401.

5

Like the lyrics found in Wilson's possession and on Green's computer, this material is not unduly prejudicial because its contents are no more inflammatory than the crimes alleged against Wilson. Furthermore, these lyrics are not hearsay because they are statements by a co-conspirator made during the course of and in furtherance of a conspiracy involving Wilson. Fed. R. Ev. 801(d)(2)(E).

The Government has argued that at least one letter it will offer into evidence is non-hearsay because it was written to Brown by another member of the Stapleton Crew. (Sealed Govt. Ltr. to Judge Garaufis dated Nov. 21, 2006 at 6.) That letter appears to describe the progress of law enforcement's investigation into the murders of Detectives Andrews and Nemorin. It is therefore not hearsay because it is a statement by a co-conspirator made during the course of and in furtherance of a conspiracy involving Wilson. Fed. R. Ev. 801(d)(2)(E). To the extent that the court determines that other letters seized from Brown's home that the Government will offer into evidence fit this non-hearsay rule, they, too, may be admissible. Their admissibility will be considered and determined when they are offered into evidence.

### III. Conclusion

For the aforementioned reasons, the Government's motion is GRANTED and Wilson's motion is DENIED.

SO ORDERED.

Dated: November 22, 2006                   /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                     NICHOLAS G. GARAUFIS
                                                 United States District Judge