UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                                            **MEMORANDUM & ORDER**
    v.                                             04-CR-1016 (NGG)

RONELL WILSON,

              Defendant.
-----------------------------------------------------X
GARAUFIS, District Judge.

        A jury has found Ronell Wilson ("Wilson") guilty of two counts of murder in aid of racketeering, two counts of robbery conspiracy, one count of attempted robbery, one count of carjacking, two counts of causing death through use of a firearm, and two counts of using a firearm in furtherance of crimes of violence. These charges were based on, *inter alia*, Wilson's execution of undercover New York City Police Department ("NYPD") Detectives Rodney Andrews and James Nemorin, whom he was attempting to rob of the $1,200 they planned to use to purchase a firearm from Wilson and his fellow members of the Stapleton Crew[1] street gang. (See Order dated January 9, 2007 at 3-7.) The Government will seek the death penalty against Wilson in a penalty phase that will begin on January 16, 2007.

        The Government has moved the court to permit it to review the report of Dr. Michael Welner. Dr. Welner is a mental-condition expert who examined Wilson on the Government's behalf pursuant to Fed. R. Crim. P. 12.2(c)(1)(B). Dr. Welner's report has thus far been given to Wilson and a firewalled Assistant United States Attorney, but not to the Assistant United States

---

[1] The members of this criminal enterprise never referred to the enterprise by any particular name. (Tr. at 769, 788.) For the sake of convenience, the court will refer to this enterprise as the "Stapleton Crew."

1

Attorneys prosecuting this case in its trial phase.[2]  (See Order dated June 8, 2006 at 16-20.) Wilson argues in response, and the court agrees, that under Fed. R. Crim. P. 12.2(c)(2), the Government may not review Dr. Welner's report until Wilson confirms his intent to offer, during the penalty phase, expert evidence about his mental condition.  Wilson has indicated that he will not confirm or withdraw such intent until the court advises him precisely what mental-condition expert testimony offered on his behalf would open the door to testimony by Dr. Welner.

The court advises Wilson as follows:  No statement made by Wilson in the course of any examination conducted by Dr. Welner under Fed. R. Crim. P. 12.2, no testimony by Dr. Welner based on any such statement, and no other fruits of any such statement may be admitted into evidence against Wilson in the penalty phase of this case except on an issue regarding his mental condition on which Wilson has introduced expert evidence requiring notice under Fed. R. Crim P. 12.2(b)(2).  Fed. R. Crim. P. 12.2(c)(4)(B).

Wilson is ordered to confirm or withdraw, by January 11, 2007 at 11:00 am, his intent to offer, during the penalty phase, any expert evidence about his past, present, or future mental condition.  Should Wilson confirm an intent to offer expert evidence about his past, present, or future mental condition, then the firewall will be deemed lifted and the Government will be permitted to review Dr. Welner's report.  Fed. R. Crim. P. 12.2(c)(2).  Wilson may move the

---

[2]  I will refer to the firewalled Assistant United States Attorney as the "Firewalled AUSA" and to the Assistant United States Attorneys who prosecuted this case in its trial phase as the "Government."

court, at the conclusion of his penalty-phase presentation, to preclude all or part of Dr. Welner's expected testimony under Fed. R. Crim. P. 12.2(c)(4).

SO ORDERED.

Dated: January 10, 2007
 Brooklyn, N.Y.

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge