UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA,

               v.

RONELL WILSON,

               Defendant.
------------------------------------------------X

**MEMORANDUM & ORDER**
04-CR-1016 (NGG)

GARAUFIS, District Judge.

      A jury has found Ronell Wilson ("Wilson") guilty of two counts of murder in aid of racketeering, two counts of robbery conspiracy, one count of attempted robbery, one count of carjacking, two counts of causing death through use of a firearm, and two counts of using a firearm in furtherance of crimes of violence. These charges were based on, *inter alia*, Wilson's March 10, 2003 execution of undercover New York City Police Department Detectives Rodney Andrews and James Nemorin, whom he was attempting to rob of the $1,200 they planned to use to purchase a firearm from Wilson and his fellow members of the Stapleton Crew street gang. (See Order dated January 9, 2007 at 3-7.) The Government will seek the death penalty against Wilson in a penalty phase that will begin on January 16, 2007.

      During the penalty phase, at the conclusion of which the jury will make a binding recommendation as to Wilson's sentence, "information may be presented as to any matter relevant to the sentence, including any mitigating or aggravating factor permitted or required to be considered under [18 U.S.C.] section 3592." 18 U.S.C. § 3593(c). Section 3592(a) lists seven mitigating factors and permits a defendant to introduce proof of "[o]ther factors in the

1

defendant's background, record, or character or any other circumstances of the offense that mitigate against imposition of the death sentence." 18 U.S.C. § 3592(a)(8).

Wilson has indicated that he intends to prove, pursuant to 18 U.S.C. § 3592(a)(8), that he "has remorse for his actions on March 10, 2003." (Wilson Ltr. to Judge Garaufis dated Dec. 1, 2006 at 2 (filed under seal).) He intends to prove his remorse via an unsworn, un-cross-examined allocution. (Wilson Ltr. to Judge Garaufis dated Jan. 7, 2007 (filed *ex parte* and under seal) (the "January 7, 2007 Letter"); Wilson Br. dated Jan. 7, 2007 (filed under seal).) The Government has filed a motion *in limine* to preclude Wilson from doing so. (Govt. Ltr. to Judge Garaufis dated Jan. 11, 2007 (filed under seal).) That motion is DENIED.

It is not clear whether a capital defendant has a constitutional right to allocute to his remorse, and several federal courts have held that he does not. See United States v. Purkey, 428 F.3d 738, 760-61 (8th Cir. 2005); United States v. Barnette, 211 F.3d 803, 820 (4th Cir. 2000); United States v. Hall, 152 F.3d 381, 391-98 (5th Cir. 1998), abrogated on other grounds by United States v. Martinez-Salazar, 528 U.S. 304 (2000). In addition, the Second Circuit has held in a non-capital case that "a defendant's right to a sentencing allocution is a matter of criminal procedure and not a constitutional right." United States v. Li, 115 F.3d 125, 132-33 (2d Cir. 1997).

What is clear, however, is that this court has the discretion to permit Wilson to allocute. The Federal Rules of Criminal Procedure provide that, in both capital and non-capital cases, "[b]efore imposing sentence, the court must address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]" Fed. R. Crim. P. 32(i)(4)(A)(ii). In a capital case, in which a defendant's fate is determined by a jury, permitting a

defendant to speak to the court before the court imposes his sentence, but not to the jury before it determines that sentence, would afford capital defendants an "empty formality" rather than the substantive right afforded non-capital defendants. United States v. Chong, 104 F. Supp. 2d 1232, 1234 (D. Haw. 1999). Such a disparity would be unjust.

This court is obligated, however, to exclude information from the penalty phase "if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). In addition, this court must permit the Government "to rebut any information received at the hearing" and must provide the Government "fair opportunity to present argument as to the adequacy of the information to establish the existence of any . . . mitigating factor[.]" 18 U.S.C. § 3593(c). In order to satisfy these obligations, the court will impose the following five conditions on Wilson's allocution:

*First*, Wilson's allocution will consist of the brief colloquy set forth in the January 7, 2007 Letter. Any deviation from that colloquy may cause the court to issue corrective instructions to the jury and any other remedy the court deems to be in the interests of justice. In particular, the court notes that it would be inappropriate for Wilson to comment on evidentiary issues in an unsworn, un-cross-examined allocution.

*Second*, Wilson will read his allocution to the jury from the defense table.

*Third*, during the court's instructions as to the law, the court will instruct the jury (a) that it will be permitted to consider the allocution in finding whether Wilson has established the existence of remorse and (b) that it will be permitted to take into account that the allocution was unsworn and not subject to cross-examination.

*Fourth*, Wilson must provide the Government, prior to the commencement of his mitigation case, a copy of the January 7, 2007 Letter.  This will permit the court to consider any appropriate Government motion as to Wilson's allocution.  The January 7, 2007 Letter will remain sealed as to the general public until the court orders it unsealed.

*Fifth*, Wilson must inform the Government, at least one day before reading the allocution, of the day on which he intends to do so.

Before Wilson may read his allocution to the jury, he must inform the court and the Government in writing, prior to the commencement of his mitigation case, that he accepts the aforementioned conditions.


SO ORDERED.

Dated: January 12, 2007                                              /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.                                                  NICHOLAS G. GARAUFIS
                                                                   United States District Judge