UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,

                v.

RONELL WILSON,

                Defendant.
-------------------------------------------------X

**MEMORANDUM & ORDER**
**04-CR-1016 (NGG)**

GARAUFIS, District Judge.

      A jury has found Ronell Wilson ("Wilson") guilty of two counts of murder in aid of racketeering, two counts of robbery conspiracy, one count of attempted robbery, one count of carjacking, two counts of causing death through use of a firearm, and two counts of using a firearm in furtherance of crimes of violence. These charges were based on, *inter alia*, Wilson's execution of undercover New York City Police Department Detectives Rodney Andrews and James Nemorin, whom he was attempting to rob of the $1,200 they planned to use to purchase a firearm from Wilson and his fellow members of the Stapleton Crew street gang. (See Order dated January 9, 2007 at 3-7.) The Government will seek the death penalty against Wilson in a penalty phase that will begin on January 16, 2007.

      Wilson has moved this court to preclude the Government from presenting, during the penalty phase, (1) a mental-condition expert witness to rebut evidence that Wilson may offer regarding his mental condition and (2) evidence that Wilson committed five adjudicated crimes, three unadjudicated crimes, and, while incarcerated, approximately fifteen disciplinary violations. For the reasons set forth below, both motions are DENIED. The motion regarding

the Government's mental-condition expert may be re-filed at the conclusion of Wilson's mitigation case.

I.    **The Government's Mental-Condition Expert**

Wilson's motion to preclude the Government from calling a rebuttal expert witness regarding his mental condition, which was filed before the defense has presented its case, is premature. The court has already ruled that–

> No statement made by Wilson in the course of any examination conducted by [Government expert] Dr. [Michael] Welner under Fed. R. Crim. P. 12.2, no testimony by Dr. Welner based on any such statement, and no other fruits of any such statement may be admitted into evidence against Wilson in the penalty phase of this case except on an issue regarding his mental condition on which Wilson has introduced expert evidence requiring notice under Fed. R. Crim P. 12.2(b)(2).

(Order dated Jan. 10, 2007 at 2 (citing Fed. R. Crim. P. 12.2(c)(4)(B)).) It would be inappropriate for the court, prior to hearing the testimony of Wilson's mental-condition experts, to issue a more specific ruling as to what testimony by those experts would "open the door" to rebuttal by the Government's experts.

II.   **Wilson's Prior Crimes and Disciplinary Violations**

The Government seeks to present evidence of five adjudicated crimes, three unadjudicated crimes, and approximately fifteen prison disciplinary violations committed by Wilson. These crimes and violations are offered in support of the aggravating factor of future dangerousness.[1] Wilson now objects to the admission of evidence of these approximately two dozen crimes and violations.

---

[1] In response to Wilson's objections, the Government has withdrawn several of Wilson's unadjudicated crimes and disciplinary violations.

The court has reviewed the crimes and violations that the Government intends to prove. The court finds that those crimes and violations constitute relevant evidence of Wilson's future dangerousness.[2] Wilson argues that the sheer number of prior incidents to be introduced by the Government renders them more prejudicial than probative. The court disagrees. Each incident is probative because each increases the probability that Wilson is a future danger. The incidents are not prejudicial because they were products of Wilson's conduct, not of his status or of the conduct of others. Although redundant evidence of each incident might be prejudicial, narrowly tailored, brief evidence of each of several incidents is not.

In finding this evidence admissible, the court is guided not only by its obligations to consider relevance and to weigh probative value against the danger of creating unfair prejudice, see 18 U.S.C. § 3593(c), but also by other aspects of the structure of the Federal Death Penalty Act. In particular, the court is mindful of Congress's decision to require the jury to "consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death." 18 U.S.C. § 3593(e). Because the jury must consider the sufficiency of the aggravating factors found to exist, and must weigh those factors, if any, against mitigating factors found to exist, it is entitled to know not merely whether Wilson is a future danger, but just how dangerous he actually is. The evidence now at issue will assist the jury in considering how to weigh the future dangerousness aggravating factor, if it is found to exist, against any mitigating

---

[2] The court notes as a general matter that Congress permits prior crimes to be introduced by the Government as aggravating factors apart from a defendant's future dangerousness. See, e.g., 18 U.S.C. §§ 3592(c)(3), (4).

3

factors found to exist. Precluding the evidence now at issue would prevent the jury from fulfilling its obligations.

For the foregoing reasons, Wilson's motions are DENIED.


SO ORDERED.

Dated: January 15, 2007                         /s/ Nicholas G. Garaufis
       Brooklyn, N.Y.                      NICHOLAS G. GARAUFIS
                                              United States District Judge