UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

                                      **MEMORANDUM & ORDER**
       v.                                04-CR-1016 (NGG)

RONELL WILSON,

          Defendant.
-----------------------------------------------------X
GARAUFIS, District Judge.

      A jury has found Ronell Wilson ("Wilson") guilty of two counts of murder in aid of racketeering, two counts of robbery conspiracy, one count of attempted robbery, one count of carjacking, two counts of causing death through use of a firearm, and two counts of using a firearm in furtherance of crimes of violence. These charges were based on, *inter alia*, Wilson's execution of undercover New York City Police Department Detectives Rodney Andrews and James Nemorin. (See Order dated January 9, 2007 at 3-7.) The Government is seeking the death penalty against Wilson in a penalty phase that began on January 16, 2007.

      Wilson has moved the court to preclude the testimony of Shabucalik Geralds ("Geralds"), who is incarcerated for offenses unrelated to those underlying this case. The Government intends to call Geralds to testify as to statements Wilson made while he and Geralds were incarcerated together. Wilson argues that Geralds' testimony should be precluded under Massiah v. United States, 377 U.S. 201 (1964) because Geralds, prior to hearing the statements as to which he will testify in this case, agreed to cooperate with the Government on another, unrelated case. Wilson's motion is DENIED.

The Second Circuit has explained that–

> In <u>Massiah</u>, the Supreme Court held that it is a violation of the Sixth Amendment right to counsel for a private individual, acting as a government agent, to "deliberately elicit[ ]" incriminating statements from the accused. The <u>Massiah</u> rule covers only those statements obtained as a result of an intentional effort on the part of the government, so information gotten before the inmates became agents/informants is not protected by the rule. If, however, an informant obtains some initial evidence, approaches the government to make a deal on the basis of that information, and then–with the backing of the government–deliberately elicits further evidence from an accused, the materials gotten after such government contact are properly excluded under the <u>Massiah</u> rule.

<u>U.S. v. Stevens</u>, 83 F.3d 60, 64 (2d Cir. 1996) (citation omitted; modified quotation in original).

In order to determine whether Geralds' testimony should be excluded, this court conducted a <u>Massiah</u> hearing, outside the presence of the jury, during which the Government examined and the defense cross-examined Geralds. Based on Geralds' testimony at this hearing, I find that he did not act as a "government agent" when he spoke with Wilson, that he did not "deliberately elicit" any statements from Wilson, and that the Government made no "intentional effort" to obtain statements from Wilson through Geralds. Because "the right to counsel is [] not infringed when a defendant approaches an informant and admits to a crime without any urging on the part of the informant," <u>Stevens</u> at 64, Wilson's motion is DENIED.

SO ORDERED.

Dated: January 17, 2007  
      Brooklyn, N.Y.

    /s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge