

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

Mailing Address:   147 Pierrepont Street
*Brooklyn, New York  11201*

March 12, 2007

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Ronell Wilson
                  Criminal Docket No. 04-171 (NGG)

Dear Judge Garaufis:

      The defendant in the above-referenced case is scheduled to be sentenced before Your Honor on March 29, 2007.  In anticipation of the sentencing, the government provides the following information.

**PROCEDURAL HISTORY AND BACKGROUND**

      On December 20, 2006, the defendant was convicted after a jury trial of all ten counts contained in the second superseding indictment.  On January 16, 2006, a sentencing phase commenced on the capital counts of Murder in Aid of Racketeering (Counts One and Two), Carjacking (Count Five) and Causing Death Through the Use of a Firearm (Counts Seven and Eight).  On January 31, 2007, the jury returned a verdict of death on all of the death eligible counts.  By statute, the United States Probation Department does not conduct a Presentence Investigation or issue a report related to the counts on which a jury have found should be punished by death.  See Rule 32(c)(1)(A)(i) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3593(c).  Moreover, because the Court heard all of the testimony at both the guilt phase and penalty phase of trial, we submit that the Court should proceed to sentencing the defendant on the non-death counts without a Presentence Report.  See Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure (no PSR is required if "the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record."  To assist the Court, we have prepared the Guideline calculations for the non-death eligible counts of conviction.

**GUIDELINE CALCULATION FOR NON-CAPITAL COUNTS**

Count Three and Four: Robbery Conspiracy and Attempted Robbery

Base Offense Level: The guideline for this 18 U.S.C. § 1951(a) offense is Guideline 2B3.1, which, via a cross reference at 2B3.1.(c)(1), provides that if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111, Guideline 2A1.1 (First Degree Murder) is to be used. Since Detective James Nemorin and Detective Rodney J. Andrews were killed during the course of this robbery, per Guideline 2A1.1, the base offense level is 43.    43

Adjustment for Role in the Offense:

Adjustment for Obstruction of Justice: Because the defendant killed the victims in part to prevent his victims from reporting his conduct and he directly and indirectly threatened and attempted to threaten witnesses throughout the pendency of the case, per Guideline 3C1.1, 2 levels are added.    2

Adjusted Offense Level (Subtotal):    45

Count Six: Firearm Used in Furtherance of a Crime of Violence

The guideline for an 18 U.S.C. § 924(c)(1)(A)(iii) offense is 2K2.4(b), which directs that the term of imprisonment is that required by statute, a ten-year consecutive term of imprisonment.

Count Nine: Conspiracy to Rob Oz Clothing Store

Base Offense Level: The guideline for this 18 U.S.C. § 1951(a) offense is Guideline 2B3.1.    20

Specific Offense Characteristics: A firearm was possessed. Per Guideline 2B3.1(b)(2)(E), 3 levels are added.    3

Adjustment for Role in the Offense: None.    0

Adjustment for Conspiracy: Per Guideline 2X1.1, decrease by 2 levels.    -2

Adjustment for Obstruction of Justice: None.    0

Adjusted Offense Level (Subtotal):    21

Count Ten

The guideline for an 18 U.S.C. § 924(c)(1)(A)(i) offense is 2K2.4(b), which directs that the term of imprisonment is that required by statute, a 5-year consecutive term of imprisonment. However, because this is a second conviction under § 924(c), by statute the term of imprisonment shall not be less than 25 years.

Multiple Count Adjustment

Count 3 (Robbery Conspiracy) and Count 4 (Attempted Robbery) are grouped per Guideline 3D1.2(a). Count Six carries a mandatory consecutive term of imprisonment of 10 years and Count Ten carries a mandatory consecutive term of imprisonment of 5 years and are, therefore, precluded from the application of the multiple-count rules, per Guideline §3D1.1(b) and Application Note 1 of its Commentary. Count Nine cannot be grouped, per the guidance found in Guideline 3D1.2.

|  | Units |  |
|---|---|---|
| Counts Three and Four: Adjusted Offense Level.........................45 | 1 | |
| Total Number of Units: | 1 | |
| Greater of the Adjusted Offense Levels Above: | | 45 |
| Increase in Offense Level (see Guideline § 3D1.4): | | 0 |
| Combined Adjusted Offense Level: | | 45 |
| Adjustment for Acceptance of Responsibility: None. | | <u>0</u> |
| Total Offense Level: | | **45** |

**SENTENCING OPTIONS FOR NON-CAPITAL COUNTS**

**Custody**

1. Statutory Provisions:

    Count Three - The term of imprisonment is up to twenty years. 18 U.S.C. § 1951(a)(1).

    Count Four - The term of imprisonment is up to twenty years. 18 U.S.C. § 1951(a)(1).

3

        Count Six - A term of imprisonment of not less than ten years is mandatory, to be imposed to run consecutively to the term of imprisonment imposed on any other counts. 18 U.S.C. § 924(c)(1)(A)(iii).

        Count Nine- The term of imprisonment is up to twenty years. 18 U.S.C. § 1951(a)(1).

        Count Ten- A term of imprisonment of not less than five years is mandatory, to be imposed to run consecutively to the term of imprisonment imposed on any other counts. 18 U.S.C. § 924(c)(1)(A)(i). However, because this is the second count of conviction, a term of imprisonment of not less than 25 years shall be imposed. 18 U.S.C. § 924(c)(1)(C)(i).

2.     Advisory Guideline Provisions: Based on a total offense level of 45, regardless of the defendant's criminal history category, the guideline imprisonment range is life.

### Supervised Release

3.     Statutory Provisions: A term of supervised release of not more than 5 years may be imposed on each count. 18 U.S.C. §§ 3583(a) and (b)(1).

4.     Advisory Guideline Provisions: Pursuant to Guidelines 5D1.1(a) and 5D1.2(a)(1), a term of supervised release of at least 3 but not more than 5 years may be imposed on each count.

### Probation

5.     Statutory Provisions: Counts One Through Four - The defendant is ineligible for probation by statute on all counts. 18 U.S.C. § 3561(a)(3) and 18 U.S.C. 924(c)(1)(D).

### Restitution

6.     As the instant offense occurred after April 24, 1996, restitution is mandatory, per Guideline 5E1.1 and 18 U.S.C. § 3663A. The complete victim list and amount of restitution owed was forwarded to the Court by the U.S. Probation Department in connection with the sentencing of the co-defendants in this matter. All restitution payments should be forwarded to the Clerk of the Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11021.

### Fines

7.     Statutory Provisions: The maximum fine is $250,000. 18 U.S.C. § 3571(b)(3).

8.     A special assessment of at least $400 ($100 on each count) is mandatory. 18 U.S.C. § 3013.

9.	Advisory Guideline Provisions:  The fine range is from $25,000, to $250,000.  Guideline 5E1.2(c)(3).

**CAPITAL COUNTS**

The government submits the attached proposed Judgement and Order in connection with imposition of the death penalty for Counts One, Two, Five, Seven and Eight of the second Superseding Indictment.

                                Respectfully submitted,

                                ROSLYNN R. MAUSKOPF
                                United States Attorney

By:
                                Colleen Kavanagh
                                Jack Smith
                                Morris Fodeman
                                Assistant U.S. Attorneys
                                (718) 254-6556

cc:	Kelley Sharkey
      Ephraim Savitt
      Mitchell Dinnerstein