

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:CHB/SA *271 Cadman Plaza East*
*Brooklyn, New York  11201*

January 31, 2012

**By Hand-Delivery & ECF**

The Honorable Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  United States v. Ronell Wilson
>      <u>Criminal Docket No. 04-1016 (NGG)</u>

Dear Judge Garaufis:

The government submits this brief reply to the defendant's January 27, 2012 memorandum.  For the reasons stated previously and below, the government respectfully requests that the Court (1) order the defendant to provide notice and discovery of any and all mental health claims on February 1, 2012; (2) provide discovery of such mental health claims on February 15, 2012; and (3) decline efforts to create a new "firewall" and permit the government and its experts to proceed with rebutting any mental health claims asserted by the defendant.

The defendant contends that notice of any non-mental-retardation mental health claim is premature.  Yet defense counsel has had more than enough time to consider any and all mental health issues – indeed, at the last status conference, the defendant announced that he intended to pursue a mental retardation claim in advance of the defendant's sentencing hearing.  There is no fair or objective reason for the defendant to pursue a piecemeal approach to mental health evidence.  Indeed, it makes more sense as a legal and as a scientific matter that the parties handle any and all mental health issues at once.  Instead, it is clear that the defendant's real objectives are two-fold: (1) to further stall the sentencing hearing in this case by dragging out any mental health inquiry into two stages; and (2) to preclude any consideration of the prior mental health evidence that was developed before the last trial.  But there is no reason that the parties cannot handle any and all mental health claims at the same time; the parties' mental health

evaluations can proceed in parallel tracks: the defendant's newfound mental retardation claim and any other mental health mitigation evidence.  Moreover, and according to the government's own experts, any and all mental health evidence that was developed before the last trial – including the defendant's videotaped interview with Dr. Welner and any psychological testing and evaluations – will be highly relevant to a proper evaluation of any mental health claim by the defendant, including a mental retardation claim under Atkins.

In his motion, defendant also makes a new claim that there should be a "firewall" even if the defendant makes a retardation claim and that the government should be barred from reviewing any of the prior mental health evidence developed in the case and barred from retaining experts who have already evaluated the defendant and his mental health.  Again, there is no basis in law or logic for such a claim.  Defendant claims that the Fifth Amendment protects him and relies on United States v. Harding, 219 F.R.D. 62 (S.D.N.Y. 2003), but Harding properly notes that "a defendant who puts his or her mental condition in issue and offers expert testimony to that end is estopped to deprive the government of a like examination, the Fifth Amendment notwithstanding."  Ultimately, the defendant asks the Court to rule as a legal matter that his mental retardation claim is somehow separate and distinct from his "mental condition," a request that defies logic.  As soon as the defendant notices his intent to pursue a mental health claim – under Atkins or otherwise – any remnant of a firewall must come down.

Finally, the defendant asks this Court to bar the government from consulting with its prior experts, and in a feeble effort, the defendant cites to a website and a prior decision disfavoring one of the government's experts.  With all due respect, the only plausible basis for the defendant's claim is that the defendant appreciates how damaging the prior mental health work of the government's experts will be to the defendant's newfound Atkins claim.  Indeed, that the defendant previously withdrew his attempt to rely on mental health evidence in the face of the government's experts is prima facie evidence of the relevance and merit of their work.  The government stands by its experts, who are ready to proceed and evaluate the defendant and any and all mental health claims.

2

      For the reasons stated above, the government requests that the Court not permit the defendant to further stall or complicate these proceedings, and that the Court enter an order as stated in the government's original filing.

                              Very truly yours,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:    _____/s/_____
                              Carter Burwell
                              Shreve Ariail
                              Assistant U.S. Attorneys
                              (718) 254-6313/6616

cc:    Defense Counsel (via ECF)