UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

UNITED STATES OF AMERICA

        -against-                                Docket No.  04 CR 1016 (NGG)

RONELL WILSON,

        Defendant.

---------------------------------------------------------X


# DEFENDANT RONELL WILSON'S RESPONSE
# TO GOVERNMENT'S JANUARY 31, 2012 LETTER REGARDING 12.2 DISCOVERY
# AND PROCEDURES


DAVID M. STERN
Rothman Schneider Soloway & Stern
100 Lafayette St., Suite 501
New York, New York  10013


COLLEEN QUINN BRADY
99 Hudson St., 8th fl.
New York, New York  10013

*Attorneys for Defendant*
*Ronell Wilson*

BEVERLY VAN NESS, Of Counsel
February 2012

## INTRODUCTION

On January 31, 2012, by letter (Pacer #613), the government responded to our memorandum of law concerning 12.2 issues (see Pacer #612). That memorandum was in response to the government's motion (Pacer #599). We are compelled to submit this brief reply.

## ARGUMENT

The government's letter is conspicuous for its failure to address any of the specific, legally- and analytically-supported arguments the defense raised in its prior, 15-page memorandum. We have made both constitutional and statutory arguments on two main points: (1) the material associated with the prior, withdrawn Rule 12.2 must remain sealed, and (2) the government's request for a new 12.2 notice is both unwarranted and vastly premature. The government addresses these contentions in only three paragraphs, and without any legal support.

First, it sweepingly asserts that Mr. Wilson's new counsel have had "more than enough time to consider any and all mental health issues," and that "[t]here is no fair or objective reason for the defendant to pursue a piecemeal approach to mental health evidence" (Pacer #613, p. 1). As we have previously argued at length, we have not had time; we are not, should not and cannot be wedded to the defense presentation at the previous sentencing hearing, at which Mr. Wilson received a death sentence; we have been focusing on an <u>Atkins</u> claim, which is a separate, preliminary pre-trial issue that is not covered by Rule 12.2 and was never investigated before in this case (see defense memo, Pacer #612, pp. 2-5). The Court knows that we have not sought to retain any "mental condition" experts to date except on the mental retardation issue. This is not because we are engaging in "piecemeal" litigation, and we do not seek unnecessary delay. Nor will the government be prejudiced.

2

The government simply ignores our arguments, and continues to make unsupported, ad hominem attacks. As we have pointed out (and which the government also ignores), it is the government that is seeking an unfair discovery advantage, in violation of the language of Rule 12.2 and this Court's prior orders (see defense memo, Pacer #612, pp. 5-7).

Concerning our argument that the 12.2 material generated in the prior proceeding must remain sealed, the government asserts this is a "new claim" (Pacer #613, p. 2). In fact, we raised it by letter dated December 5, 2011, copying the Court (it is attached as an exhibit to the government's motion, Pacer #599). In that letter, and in our most recent filing, we have raised substantial constitutional and statutory arguments (see Pacer #612, pp. 8-12). They take into account the complicated procedural posture of this case: capital convictions affirmed, remand for a new sentencing hearing, to be proceeded by an Atkins determination by the Court (not a jury). The latter, as we have noted, is a matter never pursued by prior defense counsel and it was not the subject of any expert's review. If it succeeds, moreover, there will be no sentencing re-trial and, thus, no possible 12.2 issues. The government ignores all of this. In reply, it merely asserts that "there is no basis in law or logic" for our position (Pacer #613, p. 2).

The government also adopts the biased and self-aggrandizing pitch of The Forensic Panel, which, for commercial gain, improperly takes credit on its website for the withdrawal of Mr. Wilson's prior 12.2 notice (see defense memo, Pacer #612, pp. 13-14; govt. letter, Pacer #613, p. 2). The government goes farther: it suggests that defense counsel's motion to seal the previous 12.2 material is based on fear. Defense counsel purportedly "appreciates how damaging the prior mental health work of the government's experts will be to the defendant's newfound Atkins claim" (govt. letter, p. 2). This is offensive. We have made a principled legal argument for

3

sealing material associated with the withdrawn 12.2 notice, as to which not a speck of expert evidence was offered, based on strategy decisions made by Mr. Wilson's former attorneys. The government has refused to join issue with our arguments. Instead, it conjures up an unsavory motive to impugn our integrity. Given that mental retardation was never investigated or noticed before in this case, the motive is also nonsensical: the government's experts were not tasked with rebutting an Atkins claim. We have, today, filed a notice seeking an Atkins determination (Pacer #614). The government can consult unbiased experts to determine what tests, if any, it believes are appropriate to meet this claim. It will receive all the discovery to which it is entitled. It cannot possibly be prejudiced by the denial of access to prior material that was generated in connection with a different claim, or to previous experts who are tainted with knowledge of privileged and confidential material.

Respectfully, the government's recent filing is not a reasoned response to the defense arguments, it is simply unsupported rhetoric. The government provides no assistance to the Court in resolving the important issues at stake. Instead, it seeks to promote its position by making unfair attacks on defense counsel, and entirely unsupported claims of prejudice.

## CONCLUSION

For the reasons stated, Mr. Wilson respectfully asks this Court to deny the government's motion in all respects, to order all material disclosed or generated during the prior 12.2 proceedings to be sealed, and to prohibit the government from retaining or consulting with any of the mental condition experts it used. Defense counsel would be happy to orally argue these issues, should the Court believe that oral argument would be helpful.