FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ FEB 02 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

        -against-

RONELL WILSON,

                Defendant.
------------------------------------------------------------X

**ORDER**

04-CR-1016 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

On January 10, 2012, in compliance with the court's direction (see Docket Entry # 568), the parties jointly proposed a motions schedule for the next steps of this case. (Proposed Mot. Schedule (Docket Entry # 597).) The following day, the court issued an Order modifying this schedule. (Scheduling Order (Docket Entry # 598).) The court's Order, in large part, adopted the steps that the parties jointly proposed, but consolidated the time in which the parties had to complete these steps. (See id.)

Despite their best efforts, the parties were not able reach agreement about when Defendant must provide notice pursuant to Federal Rule of Criminal Procedure 12.2, or about discovery and procedures surrounding such notice. (See Proposed Mot. Schedule at 2.) In its January 11 Order, the court set a schedule for additional briefing on the issue of Rule 12.2 notice. (Scheduling Order at 2.) The parties have now provided such briefing. (Gov't Mot. (Docket Entry # 599); Def. Mem. (Docket Entry # 612); Gov't Reply (Docket Entry # 613).) The Government asks the court to compel Defendant to immediately: (1) file Rule 12.2 notice of its intent to present expert testimony during the penalty phase retrial on any mental condition (beyond Defendant's Atkins claim); (2) provide discovery regarding mental health experts, any tests they will administer, and the topics they will address; and (3) provide a list of mitigating factors Defendant intends to establish at trial. (Gov't Mot. at 2.) Defendant argues that

1

this process should begin after, not concurrently with, the court's resolution of Defendant's <u>Atkins</u> claim. (Def. Mem. at 2-7.)[1] Additionally, in a sealed ex parte submission, Defendant has moved the court to reconsider—and substantially extend—the motions schedule. (Def. Mot. Reconsider (Docket Entry # 603).) Defendant argues, inter alia, that the schedule does not include sufficient time for an evidentiary hearing or post-hearing briefing on Defendant's <u>Atkins</u> claim.[2]

The court agrees that resolution of the <u>Atkins</u> claim should precede litigation of other mental health issues, as this claim is potentially dispositive of the penalty phase of this case. The Government's Motion for immediate notice of claims and discovery related to Defendant's mental condition, but unrelated to his <u>Atkins</u> claim, is therefore denied; and, the Government's motion for immediate notice of the mitigating factors Defendant intends to present is also denied.

The court grants in part Defendant's Motion for Reconsideration of the court's January 11 Order, and the motions schedule is modified as follows:

**February 1, 2012** – Defense notice of intent to seek a hearing pursuant to <u>Atkins v. Virginia</u>.[3]

**March 7, 2012** – Simultaneous exchange of experts either party intends to call at an <u>Atkins</u> hearing, experts' C.V.s, and tests either party intends to administer. In addition, defense counsel will provide a description of the tests which have been administered to Defendant by defense experts, as well as a summary of the opinions the experts are expected to render. Either party's list may be modified on notice, should either side determine based on the results of testing or investigation that additional experts or testing are required.[4]

**April 5, 2012** – Defendant's motions regarding Government's proposed tests, scope of the interview of Defendant, and procedures to be followed.

---

[1] Defendant also makes several arguments regarding the scope of discovery to which the Government is entitled. Defendant argues that the Government should not be permitted to review certain materials disclosed by prior defense counsel in relation to the Rule 12.2 notice that was filed and later withdrawn in connection with his original trial before this court. (Def. Mem. at 8-12; Dec. 5, 2011 Letter from David Stern to AUSA Jason Jones (Docket Entry # 599-1 (attached as Exhibit A to Gov't Mot.)).) Defendant also argues that the Government should not be permitted to consult with certain experts who were previously employed in this case. (Def. Mem. at 12-15.) The court will address these issues in a subsequent memorandum and order.

[2] Defendant is correct in this respect. The schedule the court ordered—like the one the parties proposed—omitted this step.

[3] Defendant has filed this notice. (Docket Entry # 614.)

[4] Although the court intends to issue its decision on the Government's access to information from the previous trial shortly, the Government should not delay in beginning to consider the experts it will employ either in the event that the court grants them access to the previously employed experts and materials *or* in the event that the court denies them such access.

2

**April 19, 2012** – Government's response to Defendant's motions.

**April 26, 2012** – Defendant's reply.

**May 3, 2012** – Argument and/or hearing on issues presented in motions.

**June 14, 2012** – Completion of Government's testing.

**July 18, 2012** – Simultaneous exchange of expert reports.

**August 15, 2012** – Final motions regarding substantive and procedural issues.

**August 29, 2012** – Responses to motions.

**September 6, 2012** – Oral argument (if necessary).

**September 17, 2012** – Evidentiary hearing on Atkins claim begins.

The court will set a schedule for post-hearing briefing and any additional issues following the conclusion of the evidentiary hearing.

Defendant's motion to reconsider is denied with respect to any additional requests to extend the timing of the above steps. However, if the parties believe that any additional steps or changes in the sequencing of the above schedule are necessary, they shall jointly notify the court of their suggestions in writing.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
February _1_, 2012

NICHOLAS G. GARAUFIS
United States District Judge