

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SA/CB　　　　　　　　　　　　　　　　　　*271 Cadman Plaza East*
　　　　　　　　　　　　　　　　　　　　　*Brooklyn, New York  11201*

　　　　　　　　　　　　　　　　　　　　February 13, 2012

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　Re:　United States v. Ronell Wilson
　　　　　　　Criminal Docket No. 04-1016 (NGG)

Dear Judge Garaufis:

　　　　The government submits this brief letter in advance of today's hearing regarding the discovery issues raised by the government and the defendant and to clarify the government's position with respect to the defendant's obligation to file Fed. R. Crim. P. 12.2(b)(2) notice in connection with any proceeding under Title 18, U.S.C., Section 3596(c) and Atkins v. Virginia, 536 U.S. 304 (2002).  Pursuant to an order of February 2, 2012, the Court denied the Government's "Motion for immediate notice of claims and discovery related to Defendant's mental condition, but unrelated to his Atkins claim."  See 2/1/12 Order at 2.  Accordingly, the government writes to advise that it continues to move for immediate Atkins-related notice of claims and discovery, pursuant to Fed. R. Crim. P. 12.2(b)(2), given that the defendant has requested a proceeding under Atkins v. Virginia, 536 U.S. 304 (2002) and Title 18, U.S.C., Section 3596(c).  (Docket #4176).

　　　　As set forth in Fed. R. Crim. P. 12.2(b), "if a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . (2) the issue of punishment in a capital case, the defendant must . . . notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk." (emphasis added).  Such a notice entitles the government to discovery and other procedural rights related to the process. See e.g. Fed. R. Crim. P. 12.2(c)(authority to order an examination, disclosing results and reports of capital sentencing examination, disclosing results and reports of the defendant's expert examination).

The defendant has requested that the Court "hold a pretrial hearing to determine whether [the defendant] is a person with mental retardation." (Docket #4176). At such a proceeding the defendant intends to present expert testimony regarding whether the defendant is mentally retarded. (Docket #4127). Without reference to Rule 12.2(b)(2), defense counsel relies on commentary to suggest "Rule 12.2 does not apply to an Atkins hearing." Notably however, Rule 12.2(b)(2) does not provide a distinction between an Atkins proceeding on mental retardation and any other proceeding "bearing on . . . (2) the issue of punishment in a capital case." Thus, any such proceeding requires 12.2(b)(2) notice and triggers discovery and other procedural obligations. See U.S. v. Hardy, 644 F. Supp.2d 749 (E.D.La. 2008)(applying Rule 12.2(b) to an Atkins proceeding and ordering government examination of the defendant under that rule).

Moreover, as set forth in the Government's letters of January 31, 2012 and February 1, 2012, any mental retardation claim under Atkins necessarily implicates a "mental condition of the defendant" and the prior mental health evidence developed in the case (which the undersigned have not yet seen). By moving for such a proceeding, the defendant has waived any Fifth or Sixth Amendment rights he previously may have had with respect to such materials. United States v. Harding, 219 F.R.D. 62 (S.D.N.Y. 2003) ("a defendant who puts his or her mental condition in issue and offers expert testimony to that end is estopped to deprive the government of a like examination, the Fifth Amendment notwithstanding.")

In light of the above, the defendant should be required to file a notice pursuant to Rule 12.2(b)(2) related to an Atkins proceeding, and any remnants of a firewall should be removed forthwith.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    /S/
Shreve Ariail
Carter Burwell
Assistant U.S. Attorneys
(718) 254-6616/6313

cc: Counsel for the Defendant (by ECF)

2