**U.S. Department of Justice**



                                       *United States Attorney*
                                       *Eastern District of New York*

```
JM:JGM                              United States Attorney's Office
F. #2004R01762                      271 Cadman Plaza East
                                    Brooklyn, New York 11201
```

                                         June 15, 2012

<u>VIA ECF</u>

Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:  United States v. Ronell Wilson
                <u>Criminal Docket No. 04-1016(NGG)</u>

Dear Judge Garaufis:

        The government respectfully submits this brief letter in reply to the defendant's opposition to the government's motion for reconsideration of the Court's February 13, 2012 order, and in further support of its opposition to the defendant's motion to circumscribe the government's proposed testing of the defendant. In brief, by instituting the <u>Atkins</u> claim and using select portions of the Rule 12.2 materials to make his case, the defendant has opened the door to the government's access to Rule 12.2 materials. Moreover, like the defendant's experts, the government's experts should be permitted to evaluate the defendant for mental retardation without limitation.

I.   <u>The Motion To Reconsider</u>

        Invoking Local Rule 49.1(d), the defendant asks the Court to reject the government's motion for reconsideration on procedural grounds, because the government's motion allegedly fails to "set forth 'the matters or controlling decisions which counsel believes the Court has overlooked.'" (<u>See</u> Defendant's Reply Memorandum of Law ("Br.") at 1-3). This is not an accurate assessment of the government's motion.

        The government seeks reconsideration of the February 13, 2012 order because the defendant is using and relying upon the Rule 12.2 materials, previously deemed privileged and sealed,

to establish his <u>Atkins</u> claim. By doing so, the defendant has opened the door to the government's access to all of the same materials. To deny the government this relief would be to allow the defendant to use his claimed privilege as both a shield and a sword, which is at odds with the law of the Second Circuit.

The defendant's current view is that the Court should continue to deny the government access to the Rule 12.2 materials because they are privileged. (Br. 6 (". . . because the issue here is one of privilege, not relevancy.")). To support this assertion, the defendant has argued that many of the Rule 12.2 documents were generated by medical and mental health personnel over the course of the defendant's life, and were thus subject to the doctor-patient or psychotherapist-patient privilege. (<u>See</u> Defendant's January 27, 2012 Memorandum of Law in Opposition to the Government's Second Motion Regarding Rule 12.2 Discovery, Docket # 612, pp. 9-10). The defendant has claimed that "[i]f the prosecutors are permitted to review this material, and to talk to the experts previously retained in connection with the Rule 12.2 notice, [the defendant's] privileges will be breached." (<u>Id</u>. at 10). Significantly, the Court has previously ruled that the 800-plus pages of medical records that the defendant produced to the government as part of his efforts to avoid either a state or federal capital prosecution, which later became part of the Rule 12.2 materials, were privileged documents. <u>United States v. Wilson</u>, 493 F. Supp.2d 348, 360-62 (E.D.N.Y. 2006).

In his opposition, the defendant essentially concedes that he has utilized the privileged Rule 12.2 materials to prepare the experts he intends to use to advance his <u>Atkins</u> claim. (Br. 2-3). Nevertheless, he asserts that he is well within his rights in doing so because the Court's February 13th order did not require his counsel to be sealed off from the Rule 12.2 materials. (Br. 3). He also argues that "there is nothing unfair about" selectively choosing which of the privileged Rule 12.2 documents he is going to give to his experts because whatever materials his experts review will be disclosed to the government.[1] (Br. 4). He concludes his argument blithely observing that the government is "not at all hamstrung by the Court's 12.2 Order," because it will have "a full and fair

---

[1] In the past, the defendant has acknowledged the real possibility of opening the door to the government being permitted access to the Rule 12.2 materials. (<u>See</u> Defendant's January 27, 2012 Memorandum of Law, Docket # 612, p. 11 ("all material disclosed solely for 12.2 purposes must, therefore, remain sealed unless and until he opens the door to its disclosure.")).

opportunity to investigate the mental retardation claim and prepare to rebut it." (Br. 6). This argument is simply inconsistent with Second Circuit precedent.

In In re Sims, 534 F.3d 117, 131 (2d Cir. 2008), a case that dealt directly with a claimed waiver of a psychotherapist-patient privilege, the Second Circuit held that waiver of a privilege may be either express or implied. A waiver "may be implied in circumstances where it is called for in the interests of fairness." Id. at 131. "'[F]airness considerations arise when the party attempts to use the privilege both as a shield and a sword.'" Id. (quoting In re Grand Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)(internal quotation marks omitted). A "quintessential example" of when a privilege is waived is where the holder asserts a claim that in fairness necessitates an examination of the protected communications. Id. "'In other words, a party cannot partially disclose privileged communications or affirmatively rely on privileged communications *to support its claim or defense* and then shield the underlying communications from scrutiny by the opposing party.'" Id. (quoting In re Grand Jury Proceedings, 219 F.3d at 182)(emphasis in original).

The Sims court ruled that whether fairness requires disclosure should be made on a case by case basis, depending primarily on the context in which the privilege is asserted. Id. In making this determination, however, the Circuit indicated that courts should "look to see whether the privilege holder took affirmative steps to inject privileged materials into the litigation." Id. (internal quotations omitted).

Here, there can be little question that the defendant is using his asserted privilege as both a shield and a sword, and that he has taken affirmative steps to inject portions of the privileged materials into the litigation while attempting to keep the remainder out of the reach of the government. Indeed, the defendant has provided documents that have been previously deemed sealed and privileged by the Court to his experts who are expected to rely on such documents to establish the defendant's Atkins claim, a claim that he unilaterally instituted and for which he bears the burden of proof. As the government has argued repeatedly, allowing the defendant to proceed in this manner is patently unfair.

The defendant's proposed plan to disclose only the Rule 12.2 materials that he actually shows to his experts does nothing to alleviate the fairness concerns. Although the government certainly expects the defendant to provide it with all of the

4

materials that form the foundation for his experts' opinions, in compliance with Federal Rules of Criminal Procedure and the well-settled law governing expert discovery, this process skirts the issue that there may be other relevant evidence in the Rule 12.2 materials that the government and its experts could deem relevant to the mental retardation determination, which the defendant may opt not to give his experts and thus not disclose. Importantly, the government does not make this observation as "an attempt to impugn counsel's credibility"; rather, it simply recognizes that different experts may view the significance of the same materials differently, yet both should have a full and fair opportunity to review all of the relevant data. Certainly, a plan that gives the defendant and his experts first cut at what portion of the Rule 12.2 materials is probative for an <u>Atkins</u> determination places the government at a distinct and unenviable disadvantage.

Moreover, and contrary to the defendant's claims, little speculation is required to conclude that the Rule 12.2 materials contain additional information, beyond what the defendant has identified, that is relevant and probative to a mental retardation evaluation. It is abundantly clear that the defendant's 2006/2007 trial counsel entertained the strategy of offering medical evidence of the defendant's alleged mental retardation as a mitigating factor at his sentencing. Current counsel's attempts to characterize prior counsel's sentencing arguments concerning mental retardation as "misstatement[s]" are simply belied by the record.

In sum, because the defendant has placed his mental condition at issue by instituting an <u>Atkins</u> claim, coupled with his use and reliance upon portions of the Rule 12.2 materials to advance the claim, the government should be granted full access to the same materials so that it may fully and fairly prepare to defend against the claim.

II. The Government's Experts Should Be Permitted To
    <u>Evaluate The Defendant Without Unreasonable Limitations</u>

The government will not reiterate here the several arguments that it has made in favor of permitting its neuropsychological and psychiatric experts to evaluate the defendant thoroughly to determine whether he is, in fact, mentally retarded. The government does point out, however, that the defendant's arguments to curtail the government's testing of the defendant still are bereft of any mention of prejudice that the defendant will suffer if he sits for a test that his team of experts thinks is irrelevant or insignificant. Given this absence of prejudice, and the intention of the government's

5

experts to evaluate the defendant in a professional manner, the government respectfully requests that the Court deny the defendant's motion to circumscribe the government's ability to evaluate of the defendant for mental retardation.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney


By:          /s/
        James G. McGovern
        Shreve Ariail
        Assistant United States Attorneys
        (718) 254-6293/6616