UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**04-CR-1016 (NGG)**

RONELL WILSON,

               Defendant.

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Ronell Wilson's motion to strike for cause Juror #927. For the reasons set forth below, Wilson's motion is DENIED.

## I.    BACKGROUND[1]

The court is currently conducting oral voir dire to select a jury that will decide whether Wilson will be sentenced to death or to life in prison without the possibility of release at an upcoming penalty phase re-trial scheduled to begin on June 24, 2013.

Although he concedes that Juror #927's answers are "on their face qualifying," Wilson argues that this prospective juror is nevertheless substantially impaired because "her feelings are so strong about the murder of law enforcement personnel" such that she could not fairly consider a life sentence. (May 10, 2013, Hr'g Tr. at 1949:11-19.) The Government opposes, contending that while Juror #927 "certainly has the view that the death penalty is more justifiable" if two police officers have been murdered, she repeatedly expressed an ability to consider all forms of evidence and, if she felt it were appropriate, to impose a life sentence. (Id. at 1950:12-1951:21.)

---

[1] The court will discuss only the background pertinent to the issues addressed in this opinion. Additional background can be found in the Second Circuit's decision in this case. See United States v. Whitten, 610 F.3d 168, 173-77 (2d Cir. 2010).

1

## II. STANDARD OF REVIEW

### A. Life Qualification

"[T]he proper standard for determining when a prospective juror may be excused for cause because of his or her views on capital punishment . . . is whether the juror's views would 'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" Morgan v. Illinois, 504 U.S. 719, 728 (1992) (quoting Wainwright v. Witt, 469 U.S. 412, 424 (1985)).

A defendant may challenge for cause "[a] juror who will automatically vote for the death penalty in every case [because that means he] will fail in good faith to consider the evidence of aggravating and mitigating circumstances as the instructions require him to do." Id. at 729. This is often referred to as the requirement that a juror be "life-qualified." United States v. Basciano, No. 05-CR-060 (NGG), 2011 WL 4574925, at *1 (E.D.N.Y. Mar. 11, 2011).

### B. Consideration of Mitigation Evidence

To be a qualified juror in a capital case, a person must, among other things, be open to considering relevant mitigation evidence. "[T]he sentencer [may not] refuse to consider, *as a matter of law*, any relevant mitigating evidence. . . . The sentencer . . . may determine the weight to be given relevant mitigating evidence[, b]ut [it] may not give it no weight by excluding such evidence from [its] consideration." Eddings v. Oklahoma, 455 U.S. 104, 113-14 (1982) (emphasis in original); see also 18 U.S.C. § 3592(a) ("In determining whether a sentence of death is to be imposed on a defendant, the finder of fact *shall consider* any mitigating factor . . . ." (emphasis added)); cf. Morgan, 504 U.S. at 729 (stating that a defendant may challenge for cause a "juror who will automatically vote for the death penalty in every case [because he] will fail in good faith to consider the evidence of aggravating and mitigating circumstances as the

instructions require him to do"). Similarly, a death-eligible defendant is entitled to have the jury "consider[], as a mitigating factor, any aspect of [his] character or record and any circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Lockett v. Ohio, 438 U.S. 586, 604 (1978) (emphasis removed).

### III. DISCUSSION

Wilson moves to strike Juror #927 for cause. That motion is denied.

The essence of Wilson's argument is that although Juror #927's answers are qualifying, her strong feelings regarding law enforcement nonetheless leave her substantially impaired because although "she's a person who really tries," she would not be "able to overcome" such feelings. (May 10, 2013, Hr'g Tr. at 1950:6-8.) According to Wilson, Juror #927 believes that "police officers are so different from other people that when you kill police officers death is the only real option." (Id. at 1950:8-11.) The court disagrees.

At oral voir dire, the court found Juror #927 to be sincere and thoughtful when she repeatedly affirmed her ability to meaningfully consider either possible sentence. For instance, the court asked Juror #927 whether, if "after . . . consider[ing] the mitigating evidence and any aggravating evidence . . . [she believed] that the appropriate sentence is a life sentence without the possibility of release, could [she] vote for a life sentence in a case of the killing of two individuals." (Id. at 1914:16-21.) Juror #927 replied confidently, "Yeah. Yes." (Id. at 1914:22.) The court also asked this prospective juror to explain a questionnaire response, which that indicated that "probably all" intentional murders deserve a life sentence "unless law officers were involved." (Id. at 1939:1-6; see also Questionnaire Response #47.) Juror #927 replied, "Then I feel the death penalty matches the charge," but immediately thereafter affirmed that she could "still consider mitigating evidence and impose a life sentence" even if Wilson knew his

3

victims were law enforcement. (May 10, 2013, Hr'g Tr. at 1939:8-21.) And when asked whether there are "circumstances for the murder of a police officer where the death penalty isn't appropriate," Juror #927 affirmatively and thoughtfully replied, "Again, it would depend on the situation." (Id. at 1946:23-1947:2.)

Juror #927 also credibly stated that she could consider all forms of mitigation evidence no matter the particular factual circumstances. For example, the court asked Juror #927 whether, if Wilson were proven to have known that his victims were police officers at the time of the murders, she would "be able to consider other evidence" before making her punishment decision. (Id. at 1932:24-1933:6.) Juror #927 responded in the affirmative. (Id. at 1933:7; see also id. at 1940:24-4 (denying that she has "decided how [she] would resolve the case" even if Wilson knew his victims were police officers because she would "have to hear everything[;] . . . every situation is different").) When asked whether she could "meaningfully consider" evidence about Wilson's "family conditions and upbringing," Juror #927 indicated that she could, clarifying that although "his family [life] would certainly make a difference up until a point," she believed Wilson was "young" when he committed the murders. (Id. at 1934:8-21.) Juror #927 also affirmed that she could meaningfully evaluate mitigating evidence in the face of victim impact evidence. (Id. at 1940:8-19.)

Despite these (and other) qualifying answers, Wilson maintains that Juror #927's strong feelings toward law enforcement render her substantially impaired. Although Juror #927 did mention her "very strong feelings when law officers are involved" (id. at 1940:17), she repeatedly, confidently, and honestly expressed her ability to impose a life sentence and consider all forms of mitigation evidence in this case. Based upon her demeanor, the court is left with the firm impression that not only will Juror #927 "really tr[y]" to meaningfully consider both

4

possible sentences, she will succeed in doing so. Her positive feelings toward law enforcement illustrated in her questionnaire and at voir dire (including the fact that her son is a sergeant in the New York City Police Department), do not evince any form of bias. Cf. United States v. Quinones, 511 F.3d 289, 301 (2d Cir. 2007). Rather, the fact Wilson has been convicted of killing two police officers means that Juror #927 can, but will not always, impose the death penalty; this is precisely what is required of a juror in a capital case. See Morgan, 504 U.S. at 728; cf. Eddings, 455 U.S. at 113-14; Lockett, 438 U.S. at 604. Wilson's motion is therefore denied.

## IV. CONCLUSION

Wilson's motion to strike Juror #927 is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May 14, 2013

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

5