UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**04-CR-1016 (NGG)**

RONELL WILSON,

       Defendant.

----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

  Before the court is Defendant Ronell Wilson's request that the court re-configure the courtroom for trial. For the reasons set forth below, that request is DENIED.

**I. BACKGROUND**[1]

  The court is currently conducting oral voir dire to select a jury that will decide whether Wilson will be sentenced to death or to life in prison without the possibility of release at an upcoming penalty phase re-trial scheduled to begin on June 24, 2013.

  On May 29, 2013, Wilson requested that the court re-configure the courtroom for the penalty phase re-trial. (May 29, 2013, Def. Ltr. (Dkt. 1241).) Currently, the prosecution and defense tables are perpendicular to the bench and parallel to the jury box, with the prosecution table closer to the jury than the defense table. (See Current Configuration Diagram (Ex. A to May 29, 2013, Def. Ltr. (Dkt. 1241-1)).) Wilson contends that the placement of the defense table behind the prosecution's frustrates his ability to observe the jurors and the witnesses and creates a risk that the jurors will infer that Wilson's distance from the jury indicates that he is a

---

[1]   The court will discuss only the background pertinent to the issues addressed in this opinion. Additional background can be found in the Second Circuit's decision in this case. See United States v. Whitten, 610 F.3d 168, 173-77 (2d Cir. 2010).

1

future danger. (See May 29, 2013, Def. Ltr. at 1.) Wilson requests that the court re-configure the courtroom to place the prosecution and defense tables perpendicular to the jury box (and parallel to the bench) (see Proposed Configuration Diagram (Ex. B to May 29, 2013, Def. Ltr. (Dkt. 1241-2)), which he argues will "enhance the fairness of the trial and ensure Mr. Wilson's sixth amendment right to confront the witnesses against him" (May 29, 2013, Def. Ltr. at 2). The Government takes no position on the issue. (May 30, 2013, Hr'g Tr. at 3452:15-24.)

## II. DISCUSSION

The court declines to modify its long-standing courtroom configuration. As with every previous criminal matter it has handled, the court is confident that the current placement of the prosecution and defense tables does not prejudice the defendant. This arrangement allows both parties to directly face the jurors. Under Wilson's proposed plan, the parties would face the court and have to turn their heads in order to observe the jury. Moreover, the court does believe that the defense's view is significantly obstructed by those seated at the prosecution table. If a discrete problem arises in the future, the defense should advise the court.

The court also does not believe that the current courtroom layout affects the jurors' consideration of Wilson's future dangerousness. Wilson is always seated next to his counsel in the courtroom without restraints. He is also dressed in plain clothes, as are the marshals who monitor him.

Moreover, the court has already qualified over seventy prospective jurors with the current configuration in place. Changing the courtroom at this late stage is likely to confuse the jurors and engender speculation as to the cause of the sudden switch. Accordingly, Wilson's request is denied.

Finally, United States Marshal has advised that the court retain the current configuration.

## III.  CONCLUSION

Wilson's request to re-arrange the courtroom is DENIED.

SO ORDERED.

|  |  |
|---|---|
| Dated: Brooklyn, New York<br>May 31, 2013 |   /s/ Nicholas G. Garaufis  <br>NICHOLAS G. GARAUFIS<br>United States District Judge |