UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

    UNITED STATES OF AMERICA

              -against-

    RONELL WILSON,

                  Defendant.

-------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**04-CR-1016 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Before the court is Defendant Ronell Wilson's motion for partial reconsideration of the court's June 17, 2013, Memorandum and Order, which granted in part and denied in part the Government's request to combine Wilson's proposed mitigating factors. For the reasons set forth below, Wilson's motion is GRANTED.

## I.    BACKGROUND[1]

    On June 17, 2013, the court granted in part and denied in part the Government's motion to combine Wilson's proposed mitigating factors. (June 17, 2013, Mem. & Order (Dkt. 1304).) Reasoning that "presenting the jury with a multitude of overlapping mitigating facts will impermissibly skew the weighing process required by the Federal Death Penalty Act," the court consolidated Wilson's 52 proposed mitigating factors into 22 factors. (See id.)

    Wilson now moves for partial reconsideration of that decision. (June 21, 2013, Def. Ltr. (Dkt. 1319).) First, Wilson requests that the court strike mitigating factor #17 ("Ronell has adjusted well to federal prison") and replace it with two more specific factors: "Ronell has

---

[1]    The court will discuss only the background pertinent to the issues addressed in this opinion. Additional background can be found in the Second Circuit's decision in this case. See United States v. Whitten, 610 F.3d 168, 173-77 (2d Cir. 2010).

demonstrated the ability to be productive in federal prison," and "The Bureau of Prisons' mental health staff has consistently found that Ronell was not a threat to himself or others." (Id. at 2.)

Wilson also asks that the court reinstate his proposed mitigating factor #21 ("Ronell had few positive role models") because it is not subsumed by the four mitigating factors the court crafted to describe Wilson's poor upbringing. (Id.)

Furthermore, Wilson asks the court to separate one mitigating factor ("Ronell was susceptible to negative peer influence and introduced to criminal activity by his family members at an early age") into its components: "Ronell was susceptible to negative peer influence," and "Ronell was introduced to criminal activity by members of his family and members of the community." (Id. at 3.)

Pursuant to the court's directive (see June 17, 2013, Mem. & Order at 9 n.5), Wilson asks the court to remove the portion of the mitigating factor indicating that life in prison is a "harsh" sentence. (June 21, 2013, Def. Ltr. at 3.) Instead, Wilson requests that the mitigating factor to read only: "If not sentenced to death, Ronell will be in prison for the remainder of his life without the possibility of release." (Id.) He also asks that the court instruct the jury to find this mitigating factor because it is "beyond dispute." (Id.)

Finally, Wilson petitions the court to remove the mitigating factor "Ronell acted young for his age," and to modify an error concerning his number of childhood psychiatric hospitalizations. (See id.)

## II.    DISCUSSION

As the court invited Wilson to notify the court if he wishes to strike and/or modify any mitigating factors the court drafted (see June 17, 2013, Mem. & Order at 9 n.5), the court will evaluate each request below.

## A. Adjustment to Federal Prison

Wilson asks that the court strike the mitigating factor concerning Wilson's overall adjustment to federal prison because he wishes to only establish that Wilson "has done well in many respects, which is a positive harbinger for the future." (June 21, 2013, Def. Ltr. at 2.) He asks for reconsideration because he inartfully described a previously proposed mitigating factor. This request is granted.

As indicated in his letter (but which was not clear from his initial papers), Wilson does not seek to prove that the entirety of Wilson's time in prison has been positive. Accordingly, the court will permit Wilson to prove small subsets of that factor, and will strike mitigating factor #17 ("Ronell has adjusted well to federal prison") and replace it with: "Ronell has demonstrated the ability to be productive in federal prison," and "The Bureau of Prisons' mental health staff has consistently found that Ronell was not a threat to himself or others." These factors are not overly specific, and not so numerous as to skew the Federal Death Penalty Act's weighing process.

## B. Absence of Role Models

Wilson also seeks to reinstate the following proposed mitigating factor: "Ronell had few positive role models." He asserts that this specific factor is not subsumed by the other four mitigating factors the court fashioned concerning his poor upbringing, which are: "Ronell Wilson's parents were substance abusers which resulted in poor parenting, an unstable and chaotic living environment, and separation of his family"; "During his early childhood Ronell Wilson was exposed to an unsafe and unsanitary home environment"; "Ronell Wilson was exposed to drugs and violence as a child and adolescent"; and "Ronell Wilson grew up in poverty and deprivation." This request is granted.

Although a lack of role models is arguably subsumed by these factors, out of an abundance of caution, the court will permit the inclusion of this extra mitigating factor. It more precisely captures a proffered reason not to impose the death penalty, which Wilson asserts is an "important mitigating factor." (June 21, 2013, Def. Ltr. at 2.) Moreover, one additional mitigating factor concerning Wilson's poor upbringing will not improperly skew the weighing process, as did Wilson's original proposed list of 52 factors.

C.     **Susceptibility to Peer Influence**

Wilson also seeks to separate one mitigating factor the court drafted ("Ronell was susceptible to negative peer influence and introduced to criminal activity by his family members at an early age") into its components. He argues that "the two concepts conjoined . . . are independent, referring to different periods of [his] life and different influences." (Id. at 3.)

The court grants this request. As Wilson wishes to highlight separate times of his life and influences on his behavior, the two mitigating factors will not be duplicative or confuse the jury. Rather, each pertains to a specific, independent reason not to impose the death penalty.

D.     **Life in Prison Without the Possibility of Release**

Before the start of the penalty phase re-trial, Wilson advised the court and the Government that he would inform the jury that one of his mitigating factors is, "If not sentenced to death, Ronell will be in prison for the remainder of his life without the possibility of release," omitting the portion of the mitigating factor fashioned by the court stating that such penalty is a "harsh sentence." (See June 24, 2013, Hr'g Tr. at 4270:10-4221:2.) As the court indicated (see id.), if Wilson does not wish to assert that specific characteristic of a life sentence in the same mitigating factor, the court will not present it to the jury. Accordingly, that mitigating factor is

modified as requested.[2]

**E.     Other Changes**

Wilson asks that the court remove the mitigating factor "Ronell acted young for his age," and to modify an error concerning his number of childhood psychiatric hospitalizations. (See June 21, 2013, Ltr. at 2.) As this will not confuse the jury nor prejudice the Government, these requests are granted.

## III.    CONCLUSION

For the reasons set forth above, the court will instruct the jury to consider the following 24 mitigating factors:

1. If not sentenced to death, Ronell will be in prison for the remainder of his life without the possibility of release.

2. Ronell's parents were substance abusers, which resulted in poor parenting, an unstable and chaotic living environment, and separation of his family.

3. During his early childhood, Ronell was exposed to an unsafe and unsanitary home environment.

4. Ronell was exposed to drugs and violence as a child and adolescent.

5. Ronell grew up in poverty and deprivation.

6. Ronell had few positive role models.

7. But for Michael Whitten and Omar Green, Ronell would not have been involved in the murders.

8. Ronell was placed in special education classes from age six until age seventeen, and he was classified as emotionally disturbed and learning disabled.

9. During his childhood, Ronell was admitted to hospitals on at least three occasions for psychiatric care, and attended outpatient therapy for six years.

10. At age twenty-one months, Ronell was hospitalized for fifteen days with bacterial meningitis.

---

[2]     The parties have not conferred on whether the court should specifically instruct the jury that this mitigating factor has been established. Should there be any dispute, Wilson may again raise this issue before the final charge.

11. Ronell was susceptible to negative peer influence.

12. Ronell was introduced to criminal activity by members of his family and members of the community.

13. Ronell behaved respectfully in court.

14. Ronell's life has value.

15. Ronell had a loving relationship with friends and family members, who will suffer grief and loss if he is executed.

16. Ronell is the only defendant in the case facing life in prison without the possibility of release or the death sentence.

17. The Federal Bureau of Prisons can impose adequate restrictions on Ronell.

18. Ronell has demonstrated the ability to be productive in federal prison.

19. The Bureau of Prisons' mental health staff has consistently found that Ronell was not a threat to himself or others.

20. Ronell was not the leader or organizer of this group.

21. Ronell did not believe the victims were police officers.

22. Throughout his childhood, Ronell had friends who died as a result of violence in the community.

23. Ronell was twenty years old at the time of the crime.

24. There are other factors in Ronell's background and other circumstances of his offenses that mitigate against the imposition of the death penalty.

SO ORDERED.

        /s/ Nicholas G. Garaufis

Dated: Brooklyn, New York        NICHOLAS G. GARAUFIS
      June 25, 2013           United States District Judge