**ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP**
Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN
———
LUCAS ANDERSON

Tel: (212) 571-5500
Fax: (212) 571-5507

October 14, 2014

Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11232

United States v. Ronell Wilson
04 Cr. 1016 (NGG)

Dear Judge Garaufis:

Mr. Wilson offers this reply to the government's Opposition to Reconsideration of Atkins Decision, filed October 10, 2014 (Dkt. No. 1506).[1]

On July 1, 2014, following the Second Circuit's sua sponte remand, this Court directed the defense to submit a memorandum setting forth the issues "identified in Hall or by virtue of Hall that would require additional guidance from the District Court to the Circuit Court on the subject of whether the defendant is suffering from an intellectual disability such that he should not be subject to the death penalty" and to recommend or propose further steps to be taken by this Court. (Dkt. 1504, at 5). As ordered, defense counsel submitted a lengthy memorandum (Dkt. No. 1505) that reviewed in detail the Supreme Court's ground-breaking opinion in Hall v. Florida, 134. S. Ct. 1986 (2014) and identified four issues arising directly from that case that

---

[1] At the status conference on July 1, 2014, counsel did not request, and this Court's scheduling order did not mention, an opportunity for the defense to reply. Mr. Wilson, therefore, now respectfully requests this Court to accept this brief reply.

1

undermined eight of the scientific premises on which this Court's analysis of Mr. Wilson's intellectual functioning depended (id. at 4-9). Counsel, accordingly, proposed additional fact-finding and briefing, supported by proffered testimony from six of the leading experts in the fields of intellectual disability and/or measurement of intellectual functioning, including two experts involved with editing the manuals issued by the AAIDD (id. at 9-25; see also id. Exhs. A-F).

In opposition, the government declines to engage either with the defense's legal analysis or with the substantial evidence proffered. Instead it relies on a pinched reading of Hall that cannot withstand even the most cursory review of the Supreme Court's analysis and holdings. More astonishingly, eliding the plain text of the Second Circuit's order, it mischaracterizes the remand here as "narrow." (Dkt. No. 1508 at 6 & n.2, 7 n.3). But the Court of Appeals expressly licensed this Court to "consider any other issue it deems appropriate and conduct additional factfinding if warranted." (CA Dkt. No. 55).[2] The order is unlimited, not narrow. See United States v. Johnson, 378 F.3d 230, 240 (2d Cir. 2004) (on remand, district court should look to specific dictates of remand order) (citing United States v. Quintieri, 306 F.3d 1217, 1227 (2d Cir. 2002)).

The de novo authority granted to this Court makes perfect sense in the unusual circumstances of this remand, where the Court of Appeals acted on its own, at the outset of the direct appeal, without briefing from the parties on any of the issues related to this Court's Atkins decision. First, as even the dissenters recognized (Dkt. No. 1505 at 8, quoting 134 S. Ct. at 2002 (Alito, J., dissenting)), Hall overruled the balance struck in Atkins and required a new, greater deference to the views of the scientific community. It transformed the legal terrain. See Quintieri, 306 F.3d at 1230 (intervening change in controlling authority can warrant de novo sentencing on remand); see also United States v. Whren, 111 F.3d 956, 960 (D.C. Cir. 1997) (on

---

[2] The government urges that, under the standard for granting a motion for reconsideration, the defense's arguments and evidence may be ignored, absent data or authority initially overlooked by this Court. (Dkt. No. 1508, at 6 & n.2, citing, inter alia, Schrader v. CSX Trans., 70 F.3d 255, 257 (2d Cir. 1995)). Obviously, this Court did not have the benefit of Hall at the time that it rendered its Atkins decision. In addition, the defense, in its pleading, specifically identifies data, concepts, and arguments previously overlooked by the Court. (See, e.g., Dkt. No. 1505 at 9-25).

2

remand, district court may consider issues made newly relevant by appellate decision "whether by the reasoning or by the result") (cited with approval in Quintieri). Second, it is not possible, as the government urges, to restrict the remand to a simple review of the evidence of Mr. Wilson's adaptive behavior: Given the "conjunctive and interrelated assessment," 134 S. Ct. at 2001, of intellectual and adaptive behavior functioning, pulling at one thread of the analysis necessarily requires a reconsideration of the entire tapestry. See, e.g., Johnson, 378 F.3d at 241 (de novo sentencing on remand permitted where reversal undid the entire "knot of calculation") (quoting Quintieri, 306 F.3d at 1228). Third, new evidence, including the DSM-5, arose subsequent to this Court's order. See Quintieri, 306 F.3d at 1230. Finally, as laid out in the defense proposal, this case, respectfully, satisfies the standard for correction of clear error or avoidance of manifest injustice. See id. (on remand, to correct clear error or prevent manifest injustice, district court may consider issue not addressed by appellate court).

    One last point is worth noting in light of the government's pleading. As this Court directed, the defense memorandum represents counsel's efforts to outline issues for fact-finding and further briefing — the "further steps" — and not the final briefing that counsel have requested.

Respectfully submitted

David Stern